IN THE UNITED STATES DISTRICT COURT<br>
FOR THE TENTH CIRCUIT

| | |
|---|---|
| ANTHONY JEFFERSON, ) <br> ) <br> Plaintiff-Appellee, ) <br> ) <br> v. ) <br> ) <br> LEONARD MOORE, *et al.*, ) <br> ) <br> Defendant-Appellants. ) <br> ) | Case No. 25-3020 |

## MOTION TO FILE CONVENTIONALLY AND UNDER SEAL

Defendant-Appellants Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper ("Appellants"), through Assistant Attorney General Matthew L. Shoger, submit this Motion to File Exhibit V to the *Martinez* Report into the record on appeal conventionally and under seal. Appellants have consulted with Plaintiff-Appellee, and Plaintiff-Appellee opposes this motion. (*See* Exhibit 1.)

Exhibit V has been filed conventionally and under seal at the district-court level, and Appellants seek to file it in the same way at the appellate level. (*See* Exhibit 2 (containing Doc. 7 and Doc. 72 from the district-court record).) Exhibit V contains security-sensitive video footage of the underlying incident relevant to Plaintiff-Appellee's claims. It contains media files totaling over 1.8 gigabytes in size, and it does not appear feasible to file it electronically. The district-court clerk

indicated when asked by the undersigned counsel that if ordered by the Tenth Circuit the district court could mail the district court's copy of Exhibit V to the Tenth Circuit for it to be filed conventionally.[1] Then, presumably, at the conclusion of this appeal, Exhibit V would be mailed back to the district court for use in further proceedings. Alternatively, Appellants could create a new copy of Exhibit V and mail it to the Tenth Circuit for that new copy to be filed conventionally.

Although a presumption exists in favor of public access, strong privacy interests in this case support sealing these records. As discussed in the district court's order sealing Exhibit V, Jefferson has access to view the video – just not possession of a copy of the video – so a seal does not preclude his access. (*See* Exhibit 2 at 3-5); *see also Grissom v. Palm*, No. 19-3178-EFM, 2022 WL 3211428, at *1 (D. Kan. Aug. 9, 2022) ("[I]t is the historical and current practice of the KDOC to allow inmates to view, under supervision, surveillance camera footage referenced in a Martinez report. Inmates may view videos, but are not given separate copies."); *Clay v. Esparza*, No. 20-3220-SAC (Doc. 14 at 1-2), Ct.'s Order (D. Kan. Sept. 15, 2020) (granting defendants' motion to file prison video footage under seal because the footage "would pose a security risk if viewed by

---

[1] Under 10th Cir. Rule 11.3(B)(3) a copy of the sealing order (Doc. 72) should be affixed to the outside of the envelope.

inmates," but if plaintiff's Complaint survived screening, "the Plaintiff would be allowed to view the content of the security videos upon reasonable notice at a reasonable time").

The videos should be placed under seal to protect the safety and security of both inmates and prison staff. Specifically, if inmates or the public receive access to prison videos, inmates could learn the cameras' blind spots or the places in the prison where there is no camera coverage. Should they become familiar with the locations of these camera blind spots, they may then seek to commit prohibited acts – including acts of violence – in those locations. They could also learn other sensitive features of the layout of the secure facility, the timing, tactics, and other patterns of staff responses to disturbances, or the methods by which inmates are securely transported.

Based on these strong security reasons, KDOC regularly seeks to file prison video footage under seal to mitigate such security risks. The Tenth Circuit has upheld the sealing of prison video footage. *Brown v. Flowers*, 974 F.3d 1178, 1187-88 (10th Cir. 2020) (allowing exhibits, including "jail surveillance footage," to be filed under seal "for the safety of the jail, as they show which areas of the jail are surveilled," finding this to be "a real and substantial interest that justifies depriving the public of access"). And cases have found that a multitude of reasons support sealing prison video footage. *Mathis v. Adams*, No. 3:12-cv-735-J-39PDB,

2014 WL 1202955, at *5 & n.14 (M.D. Fla. Jan. 29, 2014) (saying videos including "hand-held camera video footage" from inside a prison can be sealed "because they show the internal structure of the prison facility"), *overruled on other grounds by Mathis v. Adams*, 577 F. App'x 966 (11th Cir. 2014); *Chrisman v. Bd. of Cnty. Comm'rs*, No. CIV-17-1309-D, 2020 WL 12948695, at *1 to *2 (W.D. Okla. Oct. 9, 2020) (citing *Flowers*, 974 F.3d at 1187-88) (finding "a real and substantial interest to warrant sealing the jail surveillance videos" in part because "[e]ntry and exit points are . . . visible" such as "the hallway from which emergency responders enter and exit"); *Ortiz v. City & Cnty. of S.F.*, No. 18-cv-07727, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020) (sealing jail surveillance videos because the videos "show the layout of the jail, entry and exit points, angles of the cameras, and other securit[y] concerns"); *Lumpkin v. Salt*, No. C18-330, 2018 WL 4002539, at *2 (W.D. Wash. Aug. 22, 2018) (prohibiting inmate plaintiff from possessing a video that could show "staff response times, locations from which staff are responding, the length of time it takes to open doors into an area, staffing patterns, specific defense tactics or techniques, and weaknesses and abilities of individual staff members"); *Flaherty-Ortega v. Horry Cnty.*, No. 1:21-2866, 2021 WL 5495362, at *4 (D.S.C. Nov. 23, 2021) (citing *Gayle v. Meade*, No. 20-21553-Civ, 2020 WL 4047334, at *4 (S.D. Fla. July 17, 2020)) (sealing videos and photographs relating to the transportation of inmates

and suggesting any videos and photographs of a detention center can be kept confidential by court order).

This also comports with K.S.A. 45-221(a)(12), which provides an exception to Kansas's open records requirements where, as here, disclosure of "emergency or security information or procedures of a public agency … would jeopardize public safety," including for "any building or facility that is used for purposes requiring security measures in or around the building or facility . . . if disclosure would jeopardize security of the public agency, building or facility."

For the reasons above, Appellants request that the Court grant leave to file the videos in Exhibit V conventionally and under seal. Appellants further request that the Court indicate in its order whether the district court should mail its copy of Exhibit V to the Court or whether Appellants should mail a new copy of Exhibit V to the Court.

Respectfully submitted,

K<small>RIS</small> W. K<small>OBACH</small>
A<small>TTORNEY</small> G<small>ENERAL OF</small> K<small>ANSAS</small>

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendant-Appellants Moore, Merz, Buchman, Burk, Perez, and Cooper*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, with a copy to be served on the 27th day of March, 2025, by means of first-class mail, postage prepaid, addressed to:

Anthony Jefferson #44578
Lansing Correctional Facility
P.O. Box 2
Lansing, KS 66043
*Plaintiff-Appellee, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General



**Exhibit 1**

March 17, 2025

Anthony Jefferson #44578
Lansing Correctional Facility
P.O. Box 2
Lansing, KS 66043

Dear Mr. Jefferson,

I represent Defendant-Appellants Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper in the *Jefferson v. Moore* case (10th Cir. case no. 25-3020, D. Kan. case no. 23-3263). These Defendant-Appellants plan to file the attached request to file Exhibit V to the *Martinez* Report conventionally and under seal for the record on appeal. (This is the same way this exhibit was filed with the district court.) Tenth Circuit Rules 25.6(A)(5) and 27.1 require us to provide "a statement of the opposing party's position on the relief requested" in the motion to seal. Accordingly, please let me know if you oppose this request to file Exhibit V conventionally and under seal by filling out the form on the following page and delivering it to your unit team.

Sincerely,

KRIS W. KOBACH
Attorney General


*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General

## Statement of Opposition or No Opposition

With regard to <u>Defendant-Appellants Moore, Merz, Buchman, Burk, Perez, and Cooper's</u> request to file Exhibit V to the *Martinez* Report conventionally and under seal in the *Jefferson v. Moore* case (10th Cir. case no. 25-3020), I, Anthony Jefferson, take the following position:
*(printed name)*

**OPPOSE:** X          **DO NOT OPPOSE:** _____

_____        3/26/25
Anthony Jefferson                Date
Plaintiff, pro se

---

Instructions for resident:

Please complete this form and deliver it to your unit team.

Instructions for Unit Team:

When completed, please scan and email this form to Legal.

Instructions for Legal:

When received from the unit team, please forward this form to the counsel indicated below:

> Matthew L. Shoger, Assistant Attorney General
> matt.shoger@ag.ks.gov
> (785) 296-2215
> Fax: (785) 291-3767

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY JEFFERSON,

    **Plaintiff,**

    v.                                    CASE NO. 23-3263-JWL

LEONARD MOORE, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On January 3, 2024, the Court entered a Memorandum and Order (Doc. 5) directing Kansas Department of Corrections ("KDOC") officials to prepare a *Martinez* Report. This matter is before the Court on the KDOC's Motion to File Conventionally Exhibit V in the Investigative Report Prepared Pursuant to "Martinez v. Aaron" (Doc. 6).

The KDOC seeks to file Exhibit V conventionally. The exhibit consists of a CD containing video recordings of the use of force at issue in this matter. The CD also contains media players necessary to view the recordings. The motion indicates that Plaintiff cannot possess the CD for security reasons, but arrangements will be made with his Unit Team to allow him to view Exhibit V. The motion is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that the KDOC's Motion to File Conventionally Exhibit V in the Investigative Report Prepared Pursuant to "Martinez v. Aaron" (Doc. 6) is **granted.**

2

**IT IS FURTHER ORDERED** that Exhibit V to the *Martinez* Report shall be filed conventionally.

**IT IS SO ORDERED**.

**Dated March 1, 2024, in Kansas City, Kansas.**

<u>S/  Julie A. Robinson</u>
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY JEFFERSON,<br><br>      Plaintiff,<br><br>v.<br><br>LEONARD MOORE, et al.,<br><br>      Defendants. | Case No. 23-cv-3263-TC-TJJ |

**ORDER GRANTING MOTION TO SEAL EXHIBIT V**

  Interested party Kansas Department of Corrections ("KDOC") has filed a Motion to File Under Seal Exhibit V (ECF No. 68) to the *Martinez* report (ECF No. 10). KDOC requests permission to file under seal Exhibit V, which is a DVD containing video recordings of the use of force at issue in this case and the media players necessary to view the recordings. KDOC previously filed a motion and was granted leave to file Exhibit V conventionally but did not request that it be filed under seal.[1] KDOC now requests Exhibit V be placed under seal, arguing the release of security video footage from a correctional facility, either to residents or to the public, creates unreasonable safety and security risks for both residents and staff. KDOC further requests Plaintiff not be allowed to possess a copy of the DVD, but Plaintiff's Unit Team is able to facilitate his viewing of its contents. Defendants filed a response in support of the KDOC's motion to seal (ECF No. 69), arguing KDOC regularly seeks to file prison video footage under seal to mitigate security risks from disclosure.

---

[1] *See* ECF Nos. 6 and 7.

"Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute."[2] Thus, the presumption in favor of access to judicial records may be overcome where "countervailing interests heavily outweigh the public interests in access."[3] The burden is on the party seeking to restrict access to show "some significant interest that outweighs the presumption."[4]

Although a presumption exists in favor of public access to judicial records, KDOC and Defendants have met their burden to show a significant interest outweighs this presumption. Here, Exhibit V contains video recordings from a correctional facility's security footage and should be placed under seal to protect the safety and security of both inmates and prison staff. The Tenth Circuit has upheld the sealing of prison video footage "for the safety of the jail, as they show which areas of the jail are surveilled," finding this to be "a real and substantial interest that justifies depriving the public of access."[5] Although Exhibit V should be sealed so the public does not have access, Plaintiff should still be able to view Exhibit V for purposes of litigating his claims in this case. However, "it is the historical and current practice of the KDOC to allow inmates to view, under supervision, surveillance camera footage referenced in a *Martinez* report."[6] Inmates may view videos but are not given separate copies.[7] Plaintiff may not request direct access or a copy of Exhibit V, but shall be provided access to view the contents of Exhibit V upon reasonable notice of his request to his Unit Team.

---

[2] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citations omitted).

[3] *Id.*

[4] *Id.*

[5] *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020).

[6] *Grissom v. Palm*, No. 19-3178-EFM, 2022 WL 3211428, at *1 (D. Kan. Aug. 9, 2022).

[7] *Id.*

**IT IS THEREFORE ORDERED** that KDOC's Motion to File Under Seal Exhibit V (ECF No. 68) is **granted**. Exhibit V to the *Martinez* Report, a DVD filed conventionally in the Topeka Clerk's office, shall be placed under seal.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff shall be provided access to view the contents of Exhibit V upon reasonable notice of his request to his Unit Team.

A paper copy of this Memorandum and Order will be mailed to Plaintiff and the Notice of Electronic Filing (NEF) emailed to the Lansing KDOC email account.

Dated March 11, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge