FILED
United States Court of Appeals
Tenth Circuit

March 27, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| ANTHONY JEFFERSON, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> LEONARD MOORE, Major, El Dorado Correctional Facility, et al., <br><br> Defendants - Appellants, <br><br> and <br><br> SARA THATCHER, COI Officer, El Dorado Correctional Facility, et al., <br><br> Defendants. | No. 25-3020 <br> (D.C. No. 5:23-CV-03263-TC-TJJ) <br> (D. Kan.) |

_____

**ORDER**

_____

This appeal is before the court *sua sponte* following a review of the docketing statement, which has revealed a possible defect in the court's appellate jurisdiction. As a result, the court is considering this matter for summary disposition. *See* 10th Cir. R. 27.3(B).

Appellants seek to appeal the district court's order denying as premature their motion for judgment on the pleadings or, in the alternative, for summary judgment. In their docketing statement, Appellants assert that this interlocutory order postponed or failed to rule on their Eleventh-Amendment and qualified immunity defenses and is,

therefore, appealable under the collateral order doctrine. It is not clear that a "postponement" or a "failure to rule" constitutes a denial of immunity for purposes of the collateral order doctrine. The court notes that the denial of qualified immunity is immediately appealable only to the extent it turns on a question of law. *See, e.g.*, *Johnson v. Jones*, 515 U.S. 304, 313 (1995) (limiting collateral order jurisdiction to denials of qualified immunity that turn on questions of law). It appears that the district court denied the motion <u>without prejudice</u> as premature for procedural reasons. Thus, it is not clear that the district court's order involved questions of law that satisfy the collateral order doctrine's requirements. *See Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (explaining that one requirement of the collateral order doctrine is that the order "conclusively determine[] the defendant's claim of right not to stand trial").

**Within 14 days** of the date of this order, Appellants shall file a memorandum brief addressing this court's jurisdiction to consider this appeal. The deadline for Appellants to file their opening brief is vacated and briefing on the merits is suspended pending further order of the court. 10th Cir. R. 27.3(C). Appellants' motion to file conventionally and under seal is denied without prejudice to renewal if and when briefing resumes.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

*Jane K Castro*

by: Jane K. Castro
    Chief Deputy Clerk

2