# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

**LEONARD MOORE, *et al.*,**
Defendants-Appellants

v.

**ANTHONY JEFFERSON, *et al.*,**
Plaintiff-Appellee

## OPENING BRIEF OF DEFENDANTS-APPELLANTS LEONARD MOORE, *et al.*

Appeal from the United States District Court for the District of Kansas
Honorable Toby Crouse, United States District Judge
District Court Case No. 23-CV-3263-TC-TJJ

OFFICE OF KANSAS ATTORNEY
GENERAL KRIS KOBACH
Matthew L. Shoger, Assistant A.G.
120 SW 10th Ave, 2d Floor
Topeka, Kansas 66612
785-296-2215
matt.shoger@ag.ks.gov

ORAL ARGUMENT IS NOT REQUESTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iv

PRIOR OR RELATED APPEALS ....................................................... vii

GLOSSARY ..................................................................................... viii

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF THE ISSUES .......................................................... 2

STATEMENT OF THE CASE ............................................................. 2

SUMMARY OF ARGUMENT ............................................................. 3

ARGUMENT ................................................................................... 5

   I.  The district court's order postponed or failed to rule on the KDOC Defendants' pre-discovery immunity arguments, making the order immediately appealable under the collateral order doctrine. ....................................... 5

     *Standard of Review* ................................................................ 5

     *Discussion* .............................................................................. 5

  II. As a matter of law, the KDOC Defendants' summary-judgment motion was not "premature" before discovery, especially in light of the immunity arguments raised, which bar discovery. ......................................................... 5

     *Standard of Review* ................................................................ 5

     *Discussion* .............................................................................. 7

     A.  Binding precedent holds that immunity arguments, even in a summary-judgment motion, bar discovery. .... 7

     B.  Supreme Court and Tenth Circuit precedent shows that motions raising a combination of Rule-12 arguments and alternative summary-judgment arguments are proper. ......................................... 10

C. Every judge in the District of Kansas (including the district judge in this case) has granted summary judgment in response to a motion that raised both Rule-12 and alternative summary-judgment arguments. ..............................................12

D. If a plaintiff needs more discovery prior to responding to a summary-judgment motion, the plaintiff must meet the Rule 56(d) burden of providing "specified reasons" for why discovery is needed..............................................15

E. This case does not fall under the Stonecipher-Workman exception where a district court determines it cannot rule on immunity issues without limited discovery to clarify the relevant facts. ..............................................17

F. Conclusion ..............................................19

III. The local rules did not provide independent grounds to deny the motion because they expressly permitted forty pages, making the district court's contrary order arbitrary and capricious. ..............................................20

*Standard of Review* ..............................................*20*

*Discussion* ..............................................*20*

CONCLUSION..............................................26

CERTIFICATE OF COMPLIANCE..............................................27

CERTIFICATE OF SERVICE ..............................................28

ATTACHMENTS ..............................................29

*Addendum A – District Court Order (Doc. 64)*

*Addendum B – 28 U.S.C. § 1291*

*Addendum C – Fed. R. Civ. P. 8*

***Addendum D – Fed. R. Civ. P. 12***

***Addendum E – Fed. R. Civ. P. 56***

***Addendum F – D. Kan. Rule 7.1***

***Addendum G – D. Kan. Rule 56.1***

# TABLE OF AUTHORITIES

## Cases

*Behrens v. Pelletier*,
  516 U.S. 299 (1996) ................................................................. 8

*Bellamy v. McCollough*,
  2022 WL 612447 (D. Kan. Mar. 1, 2022) ............................. 13

*Braithwaite v. U.S. Dep't of Just.*,
  2022 WL 343731 (D. Kan. Feb. 4, 2022) .............................. 14

*Brown v. Schnurr*,
  2022 WL 3646248 (D. Kan. Aug. 24, 2022) ..................... 12-13

*Cerveny v. Aventis, Inc.*,
  855 F.3d 1091 (10th Cir. 2017) ....................................... 15-17

*Cole v. Ruidoso Mun.*,
  43 F.3d 1373 (10th Cir. 1994) .............................................. 17

*Couser v. Gay*,
  959 F.3d 1018 (10th Cir. 2020) .............................................. 6

*Cox v. Zmuda*,
  2023 WL 7279337 (D. Kan. Nov. 3, 2023) ............................ 22

*Dudley v. N. Cent. Reg'l Off.*, No.,
  2009 WL 3447249 (D. Kan. Oct. 21, 2009) ..................... 13-14

*Dyer v. Rabon*,
  212 F. App'x 714 (10th Cir. 2006) .................................... 8, 10

*Grissom v. Bell*,
  No. 20-3163-JWB, 2022 WL 4534620 (D. Kan. Sep. 28, 2022) ............ 12

*Grissom v. Palm*,
   2021 WL 4523807 (D. Kan. Oct. 4, 2021) ............................. 13

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ............................................................ 18

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*,
   296 F.3d 982 (10th Cir. 2002) ............................................... 7

*Hughes v. Schnurr*,
   2019 WL 6828642 (D. Kan. Dec. 13, 2019) ........................... 13

*Jones v. Cannon*,
   589 F. App'x 849 (10th Cir. 2014) ........................................ 11

*Jones v. Kansas*,
   2012 WL 5362905 (D. Kan. Oct. 31, 2012) .............................. 7

*Liverman v. Comm. on the Judiciary*,
   51 F. App'x 825 (10th Cir. 2002) ........................................ 7, 9

*Maxey ex rel. Maxey v. Fulton*,
   890 F.2d 279 (10th Cir. 1989) .............................................. 18

*McInnis v. Fairfield Cmtys., Inc.*,
   458 F.3d 1129 (10th Cir. 2006) ............................... 20, 24-25

*Mochama v. Zwetow*,
   2017 WL 36363 (D. Kan. Jan. 3, 2017) ................................. 13

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
   506 U.S. 139 (1993) .............................................................. 8

*Pasternak v. Lear Petrol. Expl., Inc.*,
   790 F.2d 828 (10th Cir. 1986) .............................................. 16

*Pierce v. Underwood*,
   487 U.S. 552 (1988) ........................................................... 5, 7

*Siegert v. Gilley*,
　500 U.S. 226 (1991) ................................................................7-11, 22

*Stonecipher v. Valles*,
　759 F.3d 1134 (10th Cir. 2014) ....................................... 7, 17, 19

*Tachias v. Sanders*,
　130 F.4th 836 (10th Cir. 2025) .................................................6

*Tonkovich v. Kan. Bd. of Regents*,
　159 F.3d 504 (10th Cir. 1998) ...................................................6

*United States v. Pickard*,
　676 F.3d 1214 (10th Cir. 2012) ...............................................10

*United States v. Tucker*,
　745 F.3d 1054 (10th Cir. 2014) .................................................5

*Watson v. Hollingsworth*,
　741 F. App'x 545 (10th Cir. 2018)........................................11-12

*Wilson v. Wallace*,
　2023 WL 6849227 (D. Kan. Oct. 17, 2023) ...........................22

*Winter v. Mansfield*,
　2021 WL 4354617 (D. Kan. Aug. 27, 2021) ...........................13

*Workman v. Jordan*,
　958 F.2d 332 (10th Cir. 1992) ..................................8-9, 17-19

**Statutes**

28 U.S.C. § 1291 .......................................................................1

42 U.S.C. § 1983 .......................................................................1

**Rules**

D. Kan. Rule 7.1 ...........................................................20-21, 25

D. Kan. Rule 56.1 .........................................................16, 23-24

Fed. R. Civ. P. 8...............................................................22

Fed. R. Civ. P. 12.....................................................10-12, 14, 21-25

Fed. R. Civ. P. 56.....................................................15-17, 23-24

## PRIOR OR RELATED APPEALS

None.

## GLOSSARY

KDOC ...........Kansas Department of Corrections

Motion...........The KDOC Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment

# JURISDICTIONAL STATEMENT

The U.S. District Court for the District of Kansas had jurisdiction over this case because the Plaintiff-Appellee ("Plaintiff"), Anthony Jefferson, asserted claims under 42 U.S.C. § 1983. This appeal arises from the district court's January 24, 2025, order denying without prejudice Defendants-Appellants Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper's (the "KDOC Defendants") Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment ("Motion"). (Addendum A.) As further explained in the KDOC Defendants' jurisdiction brief (Doc. 14), this Court has jurisdiction under 28 U.S.C. § 1291 and the collateral-order doctrine to hear the KDOC Defendants' appeal.

# STATEMENT OF THE ISSUES

I.   The district court's order postponed or failed to rule on the KDOC Defendants' immunity arguments, making the order immediately appealable under the collateral order doctrine.

II.  As a matter of law, the KDOC Defendants' summary-judgment motion was not "premature" before discovery, especially in light of the immunity arguments raised, which bar discovery.

III. The local rules did not provide independent grounds to deny the motion because they expressly permitted forty pages, making the district court's contrary order arbitrary and capricious.

# STATEMENT OF THE CASE

Plaintiff Anthony Jefferson, alleges that on July 26, 2023, while he was incarcerated at the El Dorado Correctional Facility, the KDOC Defendants were deliberately indifferent to the use of excessive force on him during a medical transport and denied a personal-injury claim he filed. (App. 14-21.) On January 14, 2025, the KDOC Defendants filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment ("Motion") that raised the defenses of Eleventh-Amendment immunity and qualified immunity for all of the KDOC Defendants. (App. 187-224.) On January 25, 2025, the district court denied the Motion without prejudice and stated two reasons for doing

so: (1) the court claimed the Motion exceeded the page limit for motions *not* in support of summary judgment, and (2) the court claimed motions in support of summary judgment like the Motion are "premature" before discovery. (Addendum A.) The KDOC Defendants filed a timely Notice of Interlocutory Appeal on February 5, 2025. (App. 267-68.) The KDOC Defendants seek for the Court to reverse and remand the case to the district court for immediate consideration of their Motion.

On March 27, 2025, this Court, through the clerk, ordered the KDOC Defendants to further explain the jurisdictional basis of this appeal. (Doc. 12.) The KDOC Defendants filed a memorandum brief in response to the Court's order on April 10, 2025. (Doc. 14.) The Plaintiff did not respond to that brief. (Doc. 16 at 1; Docket.) On May 19, 2025, this Court, through the clerk, referred the jurisdictional issue to the panel of judges assigned to consider this appeal on the merits and directed the KDOC Defendants to file their opening brief within 30 days. (Doc. 16.) The KDOC Defendants now file their opening brief.

## SUMMARY OF ARGUMENT

As the KDOC Defendants argued in their earlier memorandum brief (Doc. 14), the district court implicitly denied the KDOC

Defendants the protections of immunity from discovery by postponing or failing to rule on their pre-discovery immunity arguments. That makes the district court's order immediately appealable under the collateral order doctrine.

Further, the supposed procedural reasons for the denial provided by the district court are error and an abuse of discretion and do not provide independent grounds for denying the Motion. Specifically, raising immunity arguments in a summary-judgment motion prior to discovery is not "premature," especially considering that immunity bars discovery. And the local rules expressly permitted forty pages, so the district court's holding inventing a lower page limit was arbitrary and capricious.

The KDOC Defendants respectfully ask this Court to reverse the district court's order and to remand the case to the district court for immediate consideration of their Motion.

# ARGUMENT

## I. The district court's order postponed or failed to rule on the KDOC Defendants' pre-discovery immunity arguments, making the order immediately appealable under the collateral order doctrine.

### *Standard of Review*

Whether the Court has interlocutory jurisdiction under the collateral-order doctrine is a legal question that the Court determines in the first instance. *United States v. Tucker*, 745 F.3d 1054, 1062 (10th Cir. 2014).

### *Discussion*

For this section, the KDOC Defendants incorporate by reference the arguments made regarding jurisdiction in their earlier memorandum brief (Doc. 14). For the reasons argued in that brief, as supplemented by the additional reasons in the sections below, the Court has jurisdiction over this appeal.

## II. As a matter of law, the KDOC Defendants' summary-judgment motion was not "premature" before discovery, especially in light of the immunity arguments raised, which bar discovery.

### *Standard of Review*

The district court's conclusions of law are reviewable *de novo*.

*Pierce v. Underwood*, 487 U.S. 552, 558 (1988). This includes denials of

qualified immunity and Eleventh-Amendment immunity to the extent they involve questions of law. *See Tachias v. Sanders*, 130 F.4th 836, 841-42 (10th Cir. 2025) (addressing denials of summary-judgment motions based on qualified immunity); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998) (addressing denials of motions to dismiss based on qualified immunity); *Couser v. Gay*, 959 F.3d 1018, 1026 (10th Cir. 2020) (addressing denials of motions to dismiss based on Eleventh-Amendment immunity). Here, the court's order implicitly denied qualified immunity as discussed in the arguments incorporated by reference in section I above. And the question can be answered as a matter of law whether a summary-judgment motion raising immunity arguments is "premature" before discovery, so this portion of the district court's order should be reviewed *de novo*.

Alternatively, if the Court finds a denial of qualified immunity on the basis of a summary-judgment motion being "premature" to be a matter of discretion, "premised in significant measure on the ability of the district court to manage its own docket," then "in that situation the appellate court reviews the dismissal under an abuse of discretion

standard." *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *see also Pierce*, 487 U.S. at 558.

## *Discussion*

### A. *Binding precedent holds that immunity arguments, even in a summary-judgment motion, bar discovery.*

The KDOC Defendants raised the defenses of Eleventh Amendment immunity and qualified immunity (App. 187, 190, 204-05, 209-22), which bar pre-trial discovery, including when raised in a summary-judgment motion. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (holding that qualified immunity can be "asserted in a motion for summary judgment" and that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed"); *Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014) (holding that "qualified immunity protects against the burdens of discovery" while ruling on a summary-judgment motion); *Jones v. Kansas*, No. 12-2486-KHV-DJW, 2012 WL 5362905, at *2 (D. Kan. Oct. 31, 2012) (citing *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002)) ("Eleventh Amendment immunity . . . is a bar to discovery."). As discussed in the arguments incorporated by reference in section I above, if a district court decides to postpone ruling on immunity issues raised in a

summary-judgment motion until after discovery, that decision is immediately appealable as an implicit denial of immunity. *See, e.g., Siegert*, 500 U.S. at 229-35 (reversing, on interlocutory appeal, a district court's decision to postpone ruling on qualified-immunity defenses raised in a summary-judgment motion); *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (same).

Indeed, qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (emphasis in original). Orders denying either qualified immunity or Eleventh-Amendment immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 147 (1993). The KDOC Defendants are entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Workman v. Jordan*, 958 F.2d 332, 336

(10th Cir. 1992) (citing *Siegert*, 500 U.S. at 231-32) ("qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation"); *Liverman*, 51 F. App'x at 827-28 (10th Cir. 2002) (quoting *Siegert*, 500 U.S. at 231) (applying the same rule to sovereign/Eleventh-Amendment immunity).

In this case, the KDOC Defendants pointed out to the district court that immunity issues bar discovery in their Motion to Stay Discovery. (App. 256-61.) Discovery was in fact stayed in this case by Judge James pending resolution of the immunity issues raised in the Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. (App. 262-64.) Additionally, on the very first page of the dispositive motion itself, the KDOC Defendants again pointed out that immunity bars discovery, including when raised in a summary-judgment motion, and that resolving the immunity issues should not be postponed.[1] (App. 187.) In support of that point, the KDOC Defendants cited cases showing that postponing ruling on immunity issues is

---

[1] The KDOC Defendants added this to the first page of their dispositive motion because this is not the first time the district judge has refused to rule on immunity arguments raised in an alternative motion for summary judgment. (*See, e.g., O'Quinn v. Kelly*, No. 23-3117-TC (Doc. 35) (May 10, 2024).)

immediately appealable as a denial of immunity. (App. 187 (citing *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) and *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012)).) The district court did not address why it ignored this bar to discovery – or on what legal basis it did so – in its brief Order denying the Motion. (*See* Addendum A.)

### B. Supreme Court and Tenth Circuit precedent shows that motions raising a combination of Rule-12 arguments and alternative summary-judgment arguments are proper.

The Supreme Court has approved of summary-judgment arguments being raised in the alternative along with a Rule-12 motion. The Supreme Court agreed with a court of appeals in reversing a district court, holding that a defendant's "motion to dismiss or in the alternative for summary judgment" in an employment case should have been granted – rather than deferred until later. *Siegert*, 500 U.S. at 229-35. The Supreme Court reiterated and applied "the proper analytical framework for . . . a defendant's defense of qualified immunity asserted in a motion for summary judgment." *Id.* at 231. In stating this, the Supreme Court made clear that it was analyzing the motion in that case as a motion for summary judgment. Indeed, the Supreme Court discussed affidavits that had been presented into the

evidentiary record in the pre-discovery summary-judgment briefing. *Id.* at 229, 231. Under this "proper analytical framework":

> Once a defendant pleads a defense of qualified immunity, on summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. Until this threshold immunity question is resolved, discovery should not be allowed.

*Id.* at 231. Therefore, the Supreme Court held that the defense of qualified immunity raised in a pre-discovery "motion to dismiss or in the alternative for summary judgment" barred discovery until the immunity question raised in that motion was resolved.

The Tenth Circuit has affirmed orders granting summary judgment when raised in the alternative along with a Rule-12 motion, especially in inmate conditions-of-confinement cases like this one. In *Jones v. Cannon*, the Tenth Circuit affirmed the district court's grant of summary judgment when ruling on "motions to dismiss or in the alternative for summary judgment," even specifically finding that "[t]here was nothing improper about the form of these motions." 589 F. App'x 849, 854 (10th Cir. 2014). In *Watson v. Hollingsworth*, the Tenth Circuit affirmed a grant of summary judgment on certain claims by Judge Melgren on a "motion to dismiss, or in the alternative, a motion

for summary judgment." 741 F. App'x 545, 547-48 (10th Cir. 2018). Such precedent makes clear that these types of motions are proper.

> **C. Every judge in the District of Kansas (including the district judge in this case) has granted summary judgment in response to a motion that raised both Rule-12 and alternative summary-judgment arguments.**

While the ordinary course outside of inmate litigation may be to wait until after discovery to file a summary-judgment motion, this is not the case for inmate conditions-of-confinement cases in the District of Kansas. Many inmate conditions-of-confinement cases in the District of Kansas that survive screening see a Motion to Dismiss or, in the Alternative, for Summary Judgment as the initial responsive pleading, and judges in the District of Kansas frequently grant summary judgment when ruling on them. *See, e.g., Grissom v. Bell*, No. 20-3163-**JWB**[2], 2022 WL 4534620, at *1, *4, *12 (D. Kan. Sep. 28, 2022) (evaluating a "motion to dismiss or, in the alternative, for summary judgment" as a summary-judgment motion and granting it); *Brown v. Schnurr*, No. 21-3105-**JAR**, 2022 WL 3646248, at *7 (D. Kan. Aug. 24, 2022) (granting summary judgment on certain claims when ruling on a

---

[2] The KDOC Defendants bold the judges' initials in the case numbers in this section to highlight the different judge that issued each order.

"Motion to Dismiss, or in the Alternative, for Summary Judgment");

*Bellamy v. McCollough*, No. 20-3229-**DDC**, 2022 WL 612447, at *8 (D.

Kan. Mar. 1, 2022) (granting summary judgment on certain claims

when ruling on a "Motion to Dismiss, or in the Alternative, for

Summary Judgment"); *Grissom v. Palm*, No. 19-3178-**EFM**, 2021 WL

4523807, at *1, *5 (D. Kan. Oct. 4, 2021) (construing a "Motion to

Dismiss or for Summary Judgment" as a summary-judgment motion

and granting it); *Winter v. Mansfield*, No. 19-3236-**HLT**, 2021 WL

4354617, at *10 (D. Kan. Aug. 27, 2021) (granting summary judgment

on certain claims when ruling on a "motion to dismiss, or in the

alternative for summary judgment"); *Hughes v. Schnurr*, No. 19-3014-

**SAC**, 2019 WL 6828642, at *6 (D. Kan. Dec. 13, 2019) (granting

summary judgment when ruling on a "Motion to Dismiss, or in the

Alternative, Motion for Summary Judgment"); *Mochama v. Zwetow*, No.

14-2121-**KHV**, 2017 WL 36363, at *21 (D. Kan. Jan. 3, 2017) (granting

summary judgment on certain claims when ruling on a "Motion To

Dismiss Or, In The Alternative, Motion For Summary Judgment");

*Dudley v. N. Cent. Reg'l Off.*, No. 09-2027-**JWL**, 2009 WL 3447249, at

*1 to *2 (D. Kan. Oct. 21, 2009) (addressing a "Motion to Dismiss or, in

the Alternative, for Summary Judgment," in a post-confinement correctional context, as a motion for summary judgment and granting it).

Such motions sometimes occur outside of a corrections context as well. The district judge in this case, for example, has granted summary judgment when ruling on at least one such motion. *Braithwaite v. U.S. Dep't of Just.*, No. 21-2152-**TC**, 2022 WL 343731, at *1 (D. Kan. Feb. 4, 2022) (granting summary judgment on certain claims in an employment case when ruling on a motion "to dismiss for failure to state a claim, or in the alternative, for summary judgment").

To be clear, the citations in this section collectively show that every district judge in the District of Kansas, including the district judge in this case, has granted summary judgment when ruling on a motion raising both Rule-12 arguments and alternative summary-judgment arguments. The district judge's order in this case stands in stark contrast to this well-established ordinary course of practice.

**D. If a plaintiff needs more discovery prior to responding to a summary-judgment motion, the plaintiff must meet the Rule 56(d) burden of providing "specified reasons" for why discovery is needed.**

If Jefferson needs additional discovery prior to responding to a summary-judgment motion, Jefferson must meet the burden of providing "specified reasons" for why discovery is needed pursuant to Federal Rule of Civil Procedure 56(d). Under Rule 56(d), a party can object to a motion for summary judgment if the party does not have access to evidence needed to respond effectively. "But relief under Rule 56(d) is *not automatic*." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (emphasis added). Rather, to obtain relief under Rule 56(d), the movant must submit an affidavit explaining the "probable facts" that are unavailable, why they are unavailable (including why additional time is needed and any past steps to obtain evidence of those facts), and how additional time for discovery "would allow for rebuttal of the adversary's argument for summary judgment." *Id.* "The protection afforded by Rule 56[d] . . . is designed to safeguard against a premature

or improvident grant of summary judgment." *Pasternak v. Lear Petrol. Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).[3]

Here, on the same day the Motion was served (*see* App. 224), the KDOC Defendants served the Plaintiff with a "Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion" that included an explanation of the summary judgment process as required by local rule along with the relevant procedural rules themselves (Fed. R. Civ. P. 56 and D. Kan. Rule 56.1), including Federal Rule of Civil Procedure 56(d). (App. 249-55.) But despite this notice being provided to the Plaintiff of his obligations in responding to the Motion, the district court took it upon itself to *sua sponte* state that Jefferson needs to be allowed authority to conduct discovery. The district court did this without providing any limitations through a discovery order or explaining any probable facts that Jefferson may be able to find through discovery that would allow him to rebut the KDOC Defendants' arguments, including immunity arguments. (*See* Addendum A.) The district court essentially provided automatic relief in conflict with the holding in *Cerveny* that

---

[3] *See also* Fed. R. Civ. P. 56(d) advisory committee's note on 2010 amendment (explaining change in subsection numbering from 56(f) to 56(d)).

"relief under Rule 56(d) is not automatic," 855 F.3d at 1110, and
without meeting the requirements of Rule 56(d).

### E. This case does not fall under the *Stonecipher-Workman* exception where a district court determines it cannot rule on immunity issues without limited discovery to clarify the relevant facts.

This is not a case, like the situation discussed in *Stonecipher* and
*Workman*, where the court determined it could not rule on the
immunity defense without clarifying the relevant facts and so issued a
discovery order "narrowly tailored to uncover *only those facts needed to
rule on the immunity claim.*" *Stonecipher*, 759 F.3d at 1149 (emphasis
added); *see also Workman*, 958 F.2d at 336 (similar). "[W]hen qualified
immunity is raised as a defense, there is a narrow right to discovery
limited to the issue of qualified immunity." *Cole v. Ruidoso Mun. Schs.*,
43 F.3d 1373, 1387 (10th Cir. 1994). But "any such discovery must be
tailored specifically to the immunity question." *Workman*, 958 F.2d at
336. In *Workman*, the Tenth Circuit summarized the exception as
follows:

> an order is not immediately appealable if it defers a decision
> on a qualified immunity claim because the claim turns, at
> least partially, on a fact question; the court is unable to rule
> on the claim without further factual clarification; *and the*

17

> *court permits discovery narrowly tailored to uncover only*
> *those facts needed to rule on the claim.*

*Workman*, 958 F.2d at 336 (citing *Maxey ex rel. Maxey v. Fulton*, 890

F.2d 279, 282-83 (10th Cir. 1989)) (emphasis added). Absent such an

order from the district judge identifying the relevant facts that need

clarification to rule on the qualified immunity issue and an order

narrowly tailoring discovery to only those facts, government-official

defendants are improperly subjected to "the burdens of broad-reaching

discovery." *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982).

Here, the district judge simply ruled that summary judgment is

"premature" before discovery. (Addendum A.) The district court made

no reference to the facts in this particular case at all. The district court

made no determination that it could not rule on the immunity defenses

here without clarifying the relevant facts. The district judge simply

refused to rule on the immunity defense. The district court did not

narrow discovery to facts relevant to immunity. The district judge ruled

that summary judgment should simply not "[i]n the ordinary course" be

permitted until "after discovery close[s]" and "the parties' claims and

defenses have . . . been formalized by way of a pretrial order."

(Addendum A at 1-2.) Therefore, the case does not fall into the *Stonecipher-Workman* exception.

### F. Conclusion

For all these reasons, it was error to rule that invoking summary judgment at this stage was "premature" or that it was outside the "ordinary course" for inmate conditions-of-confinement cases. (*See* Addendum A.) Further, even if it was outside the ordinary course or somehow unusual, that would not make it premature because immunity bars discovery even when raised in a summary-judgment motion, regardless of how common or uncommon such a motion might be.

If the Court applies the abuse-of-discretion standard for this section, this error is clear enough to constitute an abuse of discretion. Regardless of whether the Court applies the *de novo* standard to this section or the abuse-of-discretion standard, the district court's refusal to rule on immunity issues on the grounds that a summary-judgment motion is "premature" should be reversed.

**III.** **<u>The local rules did not provide independent grounds to
deny the motion because they expressly permitted forty
pages, making the district court's contrary order arbitrary
and capricious.</u>**

### *Standard of Review*

The Court "review[s] a district court's application of its local rules
for abuse of discretion." *McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d
1129, 1147 (10th Cir. 2006). An order prohibiting a party from doing
what the party is "expressly authorized to do so under the district
court's local rules" constitutes "an arbitrary, capricious, whimsical, or
manifestly unreasonable judgment," therefore qualifying as an abuse of
discretion. *Id.*

### *Discussion*

D. Kan. Rule 7.1(d) states in relevant part as follows:

> **(d) Page Limitations.** Unless the court orders otherwise,
> the following page limits apply to briefs on motions: . . . .

> *(2) Summary judgment and class certification motions.*
> Principal briefs in support of, or in response to, summary
> judgment and class certification motions must not exceed 40
> pages and replies must not exceed 15 pages. . . .

> (3) All other motions. Principal briefs in support of, or in
> response to, all motions other than those set forth in
> subparagraphs (d)(1) and (2) above must not exceed 15 pages
> and replies must not exceed 5 pages

Under the plain meaning of the rule, then, the page limit in D. Kan. Rule 7.1(d)(2) applies to "[p]rincipal briefs in support of . . . summary judgment." The local rule then sets a lower, fallback page limit in D. Kan. Rule 7.1(d)(3). Contrary to the district court's suggestion, no distinct page limit exists "for Rule 12 motions." (*See* Addendum A at 1.)

Here, the KDOC Defendants' Motion was plainly a principal brief in support of summary judgment. The Motion contained extensive content in support of summary judgment and appropriately followed the applicable page limit for "[p]rincipal briefs in support of . . . summary judgment." The Motion contained a Statement of Material Facts as to Which No Genuine Issue Exists containing 118 factual assertions citing to the record, a Summary Judgment Standard, and summary-judgment arguments made in the alternative throughout the brief. (*See* App. 187-223.) The only major argument sections in the brief that do not make summary-judgment arguments are sections I and II, and those sections collectively span less than two pages. (App. 205-06.) Because the page limit for principal briefs in support of summary judgment plainly

applies, the fallback page limit does not apply. And, as discussed above, no separate rule for Rule 12 motions exists to override this.

Accordingly, the U.S. District Court for the District of Kansas has granted motions that raised both Rule 12 and alternative summary-judgment arguments and that exceeded the fallback page limit. *Wilson v. Wallace*, No. 23-3030, 2023 WL 6849227, at *1 (D. Kan. Oct. 17, 2023) (dismissing under Rule 12 when Doc. 17, the brief in support, was 27 pages in length); *Cox v. Zmuda*, No. 22-3154, 2023 WL 7279337, at *1 (D. Kan. Nov. 3, 2023) (granting alternative motion for summary judgment when Doc. 60, the brief in support, was 31 pages in length).

Further, if a brief in support of summary judgment is entitled to a higher page limit, then *adding* Rule-12 arguments to a brief in support of summary judgment should not *lower* the page limit. Federal Rule of Civil Procedure 8(d)(2) expressly permits alternative defenses. So making the summary-judgment arguments as alternative arguments is permitted. *See also Siegert*, 500 U.S. at 229-35. When combining Rule-12 arguments with summary-judgment arguments, the summary-judgment arguments are naturally the ones that will be made in the alternative. This ordering mirrors the usual flow of pretrial arguments

in general and naturally moves from a standard that looks narrowly only to the allegations in the complaint to a standard that looks broadly to include the evidentiary record.

When making Rule-12 arguments along with summary-judgment arguments, the same considerations that justify the larger page limit for summary-judgment briefs in general are still present. The larger page limit allows the brief to contain the additional elements necessary for a summary-judgment brief, including a Statement of Material Facts as to Which No Genuine Issue Exists under Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1(a). Here, this particular section of the Motion spanned thirteen pages. (App. 190-202.). Fifteen pages total would be reached or exceeded merely by adding to this section the case caption, nature-of-the-case section, summary-judgment-standard section, and signature block. (*See* App. 187-90, 203-04, 223.) In other words, effectively zero room would have been left for arguments if applying a page limit of 15 pages.

Additionally, the *plaintiff* must respond to both the Rule 12 and Rule 56 aspects of a combined motion under Rules 12 and 56. Applying the summary-judgment page limit also allows *the plaintiff's response* to

contain the necessary elements of a summary-judgment brief under Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1(b). Here, the plaintiff would have to respond to 118 paragraphs of facts and present any additional facts that the plaintiff deems necessary in addition to making legal arguments.

Hypothetically, even if the fallback page limit applied while initially considering the motion as a Rule 12 motion – somehow ignoring the alternative styling in the title while considering the Rule-12 arguments – the summary-judgment page limit should at least become effective while considering the alternative summary-judgment arguments, which the district court failed to do.

Prohibiting the KDOC Defendants from using the summary-judgment page limit to raise summary-judgment arguments even though they were "expressly authorized to do so under the district court's local rules was an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *See McInnis*, 458 F.3d at 1147. Therefore, the local rules did not provide independent grounds to deny the Motion. The district judge in this case effectively invented a new page limit that contradicted the local rules. He appears to have based the decision on

what he thought the local rules said rather than what they actually said. (*See* Addendum A at 1 (referring to a page limit "for Rule 12 motions").)[4] Although D. Kan. Rule 7.1(d) allows the court to order a different page limit ("Unless the court orders otherwise . . ."), at no point did the district court actually establish a different page limit. Rather, the district judge pointed to the page limits already established in the local rules and based his decision on his misunderstanding of those rules. (Addendum A at 1 (referring to a page limit "for Rule 12 motions").) But those local rules actually "expressly authorized" the KDOC Defendants to file up to a 40-page motion in support of summary judgment. And their Motion was 37 pages in length. (App. 187-223.) This supposed procedural ground for denying the Motion, which the district judge appears to have accidentally created and then used to retroactively deny the KDOC Defendants the protections of immunity, should be reversed as an abuse of discretion. *See McInnis*, 458 F.3d at 1147.

---

[4] The cursory nature of the district court's review of the Motion is also evident from how the district court directed the KDOC Defendants to file an answer even though they had already done so. (*See* App. 177-86 (the KDOC Defendants' Answer); Addendum A at 2 (directing the KDOC Defendants to file an answer).)

Alternatively, if the Court finds the district court did not abuse its discretion in applying the fallback page limit, the KDOC Defendants request – for the efficient resolution of the issues in this case – that the Court nevertheless rule on the other matters in this appeal as well, including whether a district court may deny a motion for summary judgment raising immunity arguments simply as "premature." (Otherwise, on remand, the KDOC Defendants will likely file essentially the same motion, simply restyled as a "Motion for Summary Judgment." If the other matters in this appeal are not resolved, then, it would likely take another interlocutory appeal to resolve those issues.)

## CONCLUSION

For these reasons, the KDOC Defendants respectfully ask this Court to reverse the district court's January 24, 2025, order refusing to rule on the arguments, including immunity arguments, in their Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment and remand the case to the district court for immediate consideration of their Motion.

Respectfully submitted,

Kris W. Kobach
Attorney General of Kansas

/s/ Matthew L. Shoger
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for the KDOC Defendants*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 4,788 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(B), as calculated by the word-counting function of Microsoft Word.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface – 14-point Century Schoolbook – using Microsoft Word.

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2025, the foregoing

BRIEF OF DEFENDANTS-APPELLANTS was electronically filed with

the Clerk of the Tenth Circuit Court of Appeals by using the CM/ECF

system. I further certify that a paper copy will be served on the 20th

day of June, 2025, by means of first-class mail, postage prepaid,

addressed to:

> Anthony Jefferson #44578
> Lansing Correctional Facility
> P.O. Box 2
> Lansing, KS 66043
> *Plaintiff, pro se*

DATED: June 18, 2025          /s/ Matthew L. Shoger
                              Matthew L. Shoger
                              Assistant Attorney General

# ATTACHMENTS

## 10th Cir. R. 28.2(A) Attachments

Addendum A..........District Court Order (Doc. 64)

## Fed. R. App. P. 28(f) Attachments

Addendum B..........28 U.S.C. § 1291

Addendum C..........Fed. R. Civ. P. 8

Addendum D..........Fed. R. Civ. P. 12

Addendum E..........Fed. R. Civ. P. 56

Addendum F..........D. Kan. Rule 7.1

Addendum G..........D. Kan. Rule 56.1

### In the United States District Court
### for the District of Kansas

---

Case No. 23-cv-3263-TC-TJJ

---

ANTHONY JEFFERSON,

*Plaintiff*

v.

LEONARD MOORE, ET AL.,

*Defendant*

---

## ORDER

Plaintiff Anthony Jefferson filed this pro se civil rights action under 42 U.S.C. § 1983. Doc. 1. The Complaint names as defendants several persons in their individual and official capacities. *Id.* at 1–4. On January 14, 2023, Defendants Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) requesting that Plaintiff's claims be dismissed for lack of subject-matter jurisdiction and for failure to state a claim or, in the alternative, for summary judgment under Rule 56. Doc. 59. Two reasons justify denying Defendants' motion without prejudice.

First, there is tension between the substance of the pleading and its invocation of Rule 56. Defendants have styled their motion as one for judgment on the pleadings under Rule 12 and seek dismissal for lack of subject-matter jurisdiction and for failure to state a claim. *See* Doc. 59 at 1 ("Defendants . . . respectfully request . . . that the Court dismiss the claims against them under Fed. R. Civ. P. 12(c) for lack of subject-matter jurisdiction and failure to state a claim."). But the length of the pleading far exceeds that permitted for Rule 12 motions. *See* D. Kan. Rule 7.1(d).

Second, a motion for summary judgment is premature. In the ordinary course, a defendant would file and litigate a single Rule 12

1

motion and then, after discovery closed, file a single Rule 56 motion that relies on the facts discovered. To be sure, Rule 56 permits filing a summary judgment motion "at any time until 30 days after" discovery has closed. Fed. R. Civ. P. 56(b). But early motions are frequently denied because the case has not yet developed, no discovery has occurred, and the parties' claims and defenses have not been formalized by way of a pretrial order. *See generally* Fed. R. Civ. P. 56(b), Advisory Committee Notes (2010) (recognizing that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had," because scheduling orders and other pretrial orders "can regulate timing" to fit the needs of the case); *see also McCoy v. Aramark*, Case No. 21-3269, Docs. 63 & 75 (denying similar motions). And multiple summary judgment motions filed throughout the course of the litigation are generally disfavored. *See, e.g., Power Equip. Co. v. Turner Bros. Constr., Inc.*, No. 21-0153, 2022 WL 5166631, at *2 (D.N.M. Aug. 30, 2022) (citing several cases, including from the District of Kansas). Thus, even without the aforementioned issue, Defendants' motion for summary judgment would be denied without prejudice because it is premature.

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment, Doc. 59, is DENIED without prejudice. They may file an answer or other response on or before February 7, 2025.

It is so ordered.

Date: January 24, 2025          s/ Toby Crouse
                                Toby Crouse
                                United States District Judge

Addendum B

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 83. Courts of Appeals (Refs & Annos)

28 U.S.C.A. § 1291

§ 1291. Final decisions of district courts

Currentness

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 929; Oct. 31, 1951, c. 655, § 48, 65 Stat. 726; Pub.L. 85-508, § 12(e), July 7, 1958, 72 Stat. 348; Pub.L. 97-164, Title I, § 124, Apr. 2, 1982, 96 Stat. 36.)

28 U.S.C.A. § 1291, 28 USCA § 1291
Current through P.L. 119-4. Some statute sections may be more current, see credits for details.

    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

  © 2025 Thomson Reuters. No claim to original U.S. Government Works.

(2) *Parties or Intervenors in a Diversity Case.* In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

    (A) when the action is filed in or removed to federal court, and

    (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party, intervenor, or proposed intervenor must:

    (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and

    (2) promptly file a supplemental statement if any required information changes.

(As added Apr. 29, 2002, eff. Dec. 1, 2002; amended Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 11, 2022, eff. Dec. 1, 2022.)

## Rule 8. General Rules of Pleading

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(b) DEFENSES; ADMISSIONS AND DENIALS.

    (1) *In General.* In responding to a pleading, a party must:

        (A) state in short and plain terms its defenses to each claim asserted against it; and

        (B) admit or deny the allegations asserted against it by an opposing party.

    (2) *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

    (3) *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

    (4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

    (5) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

    (6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive

pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

(c) AFFIRMATIVE DEFENSES.

(1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

(2) *Mistaken Designation.* If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

(d) PLEADING TO BE CONCISE AND DIRECT; ALTERNATIVE STATEMENTS; INCONSISTENCY.

(1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

(2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

(e) CONSTRUING PLEADINGS. Pleadings must be construed so as to do justice.

(As amended Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 28, 2010, eff. Dec. 1, 2010.)

**Rule 9. Pleading Special Matters**

(a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE.

(1) *In General.* Except when required to show that the court has jurisdiction, a pleading need not allege:

(A) a party's capacity to sue or be sued;

(B) a party's authority to sue or be sued in a representative capacity; or

(C) the legal existence of an organized association of persons that is made a party.

party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) INAPPLICABILITY TO DISCOVERY. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

(As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

## Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(a) TIME TO SERVE A RESPONSIVE PLEADING. Unless another time is specified by a federal statute, the time for serving a responsive pleading is is as follows:

(1) *In General.*

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an

official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

(3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

(4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.

(1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

(2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.

(1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

(3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 2, 2024, eff. Dec. 1, 2024.)

## Rule 13. Counterclaim and Crossclaim

(a) COMPULSORY COUNTERCLAIM.

(1) *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(B) does not require adding another party over whom the court cannot acquire jurisdiction.

(2) *Exceptions.* The pleader need not state the claim if:

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 29, 2015, eff. Dec. 1, 2015.)

**Rule 56. Summary Judgment**

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

## Rule 57. Declaratory Judgment

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

## Rule 58. Entering Judgment

(a) SEPARATE DOCUMENT. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

(1) for judgment under Rule 50(b);

(2) to amend or make additional findings under Rule 52(b);

(3) for attorney's fees under Rule 54;

(4) for a new trial, or to alter or amend the judgment, under Rule 59; or

(5) for relief under Rule 60.

(b) ENTERING JUDGMENT.

**-III-**
**PLEADINGS AND MOTIONS**

**RULE 7.1**
**MOTIONS IN CIVIL CASES**

**(a)** **Form and Filing.** All motions, unless made during a hearing or at trial, must be filed in writing with the clerk. The motion or opening brief filed in support of the motion must contain:

    (1)    a statement of the specific relief sought;

    (2)    a statement of the nature of the matter before the court;

    (3)    a concise statement of the facts, with each statement of fact supported by reference to the record; and

    (4)    the argument, which must refer to all statutes, rules, and authorities relied upon.

**(b)** **Joint or Unopposed Motions.** If a motion is joint or unopposed, the caption and the body of the motion must so state.

**(c)** **Responses and Replies to Motions.** A party opposing a motion must file a response, and the moving party may file a reply within the time provided in D. Kan. Rule 6.1(d). If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

**(d)** **Page Limitations.** Unless the court orders otherwise, the following page limits apply to briefs on motions:

    (1)    *Discovery-related motions*. Principal briefs in support of, or in response to, discovery-related motions must not exceed 10 pages and replies must not exceed 3 pages.

    (2)    *Summary judgment and class certification motions*. Principal briefs in support of, or in response to, summary judgment and class certification motions must not exceed 40 pages and replies must not exceed 15 pages. Unless otherwise ordered, these page limits also apply to non-motion briefs, e.g., merits briefs in Social Security or bankruptcy appeals and proceedings addressed by D. Kan. Rule 9.1(a) (those filed under 28 U.S.C. §§ 2241, 2254, and 2255, and motions to correct or reduce a sentence or civil rights complaints by prisoners).

    (3)    *All other motions*. Principal briefs in support of, or in response to, all motions other than those set forth in subparagraphs (d)(1) and (2) above must not exceed 15 pages and replies must not exceed 5 pages.

    (4)    Any motion to exceed these page limits must be filed at least 3 days before the brief's filing deadline.

**(e)** **Exhibits.** The filing party must separately label any exhibits attached to motions or briefs and file an index of such exhibits.

**(f)** **Supplemental Authorities.** If pertinent and significant authorities come to a party's attention after the party's final brief has been filed—or after oral argument but before a decision—a party may promptly advise the court by notice filed on the CM/ECF system setting forth the citations. The notice must state reasons for the supplemental citations, referring either to the page of the brief or to a point argued

orally; if the supplemental citations refer to a brief, the notice must be linked in the ECF system to that brief. The body of the notice must not exceed 350 words. Any response must be made within 5 days and must be similarly linked and limited.

\* \* \*

As amended 12/1/22, 10/13, 3/05, 3/04, 9/00.

## RULE 7.2
## ORAL ARGUMENT ON MOTIONS

The court may set any motion for oral argument or hearing at the request of a party or on its own initiative.

\* \* \*

As amended 3/17/13.

## RULE 7.3
## MOTIONS TO RECONSIDER

Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:

    (1)    an intervening change in controlling law;

    (2)    the availability of new evidence; or

    (3)    the need to correct clear error or prevent manifest injustice.

\* \* \*

As amended 03/01/24, 12/1/22, 12/01/09, 6/11/98.

## RULE 7.4
## APPLICATION OF THIS RULE

D. Kan. Local Rules 7.1 through 7.3 apply to all motions in civil cases, including motions and objections relating to discovery, to appeals in bankruptcy, and to motions to review orders of magistrate judges.

\* \* \*

As amended 12/1/22; (formerly LR 7.5).

## RULE 9.1
## HABEAS CORPUS, MOTIONS TO VACATE, AND CIVIL RIGHTS COMPLAINTS BY PRISONERS

**(a)**    **Use of Official Forms Required.** The following filings must be in writing, signed, and verified (meaning sworn under penalty of perjury):

    (1)    petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254;

    (2)    motions to vacate sentence pursuant to 28 U.S.C. § 2255; and

    (3)    motions to correct or reduce sentence pursuant to Fed. R. Crim. P. 35 by persons in custody pursuant to a judgment of a court.

        Such petitions, motions, and civil rights complaints by prisoners under 42 U.S.C. § 1983 and pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics , 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619

**(f)**     **Discovery.**   Discovery may not be conducted in connection with motions for awards of attorney's fees unless the court permits upon motion and for good cause.

* * *

## RULE 56.1
### MOTIONS FOR SUMMARY JUDGMENT

**(a)**     **Supporting Brief.**   The brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies. All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

**(b)**     **Opposing Brief.**

      (1)   A brief in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.

      (2)   If the party opposing summary judgment relies on any facts not contained in movant's brief, that party must set forth each additional fact in a separately numbered paragraph, supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

**(c)**     **Reply Brief.**   In a reply brief, the moving party must respond to the non-moving party's statement of additional material facts in the manner prescribed in subsection (b)(1).

**(d)**     **Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion.**   Any represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant must amend the form notice as necessary to reflect that fact.

**"Notice to Pro Se Litigant Who Opposes a
Motion for Summary Judgment"**

    The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. The claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion on time by filing sworn affidavits and/or other documents as required by Rule 56(c)

of the Federal Rules of Civil Procedure and by D. Kan. Rule 56.1. The full text of these two rules is attached to this notice.

In short, Fed. R. Civ. P. 56 provides that you may not oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true, in which event your case may be dismissed and judgment entered in defendant's favor without a trial.

\* \* \*

As amended 12/1/22, 10/13, 9/00.

## RULE 58.1
## JOURNAL ENTRIES AND ORDERS

In all cases where the court directs that a judgment be settled by journal entry pursuant to Fed R. Civ. P. 58, it must be prepared in accordance with the directions of the court. Attorneys preparing the journal entry must, within 14 days – unless the court orders otherwise – serve copies on all other attorneys involved who must, within 14 days after service is made, serve on the attorney(s) preparing said journal entry any objections in writing. At the expiration of the time for serving objections, the attorney(s) preparing said journal entry must submit the original, together with any objections received, to the court for approval. If the attorneys cannot agree as to the form of the journal entry, the court will settle the journal entry.

\* \* \*

As amended 12/01/09.

## RULE 62.1
## MANDATES OF AN APPELLATE COURT

When an appellate court remands a case to this court for further proceedings, the clerk will refer the case to the judge who heard the case, unless the appellate court has otherwise directed. Any other order or mandate of an appellate court, when filed with the clerk of this court, automatically becomes the order or judgment of this court. The clerk will enter it as such without further order.

\* \* \*

## RULE 62.2
## SECURITY

A bond or other security staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.