## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**ANTHONY JEFFERSON,**

*Plaintiff-Appellee,*

v.

**LEONARD MOORE, Major, El Dorado Correctional Facility; AUSTIN MERZ, SST Officer, El Dorado Correctional Facility; BRYAN BUCHMAN, SST Officer, El Dorado Correctional Facility; TRENTON BURK, COI Officer, El Dorado Correctional Facility; ORLANDO PEREZ, SST Officer, El Dorado Correctional Facility; CLAY COOPER, COI Officer, El Dorado Correctional Facility,**

*Defendants-Appellants,*

and

**SARA THATCHER, COI Officer, El Dorado Correctional Facility; CHRISTOPHER FINCH, CSI Officer, El Dorado Correctional Facility; CENTURION, Nursing Staff, El Dorado Correctional Facility,**

*Defendants.*

On Appeal from the United States District Court for the District of Kansas
Case No. 5:23-cv-03263-TC-TJJ
(Honorable Toby Crouse, District Judge)

### BRIEF FOR APPELLEE ANTHONY JEFFERSON

Lia Rose Barrett
Patrick D. Powers
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
December 15, 2025            lia.barrett@lw.com

*Counsel for Appellee Anthony Jefferson*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................i

TABLE OF AUTHORITIES ........................................................ iii

STATEMENT OF RELATED APPEALS PURSUANT TO RULE
28.2(C)(1) ...............................................................................ix

GLOSSARY ...............................................................................x

INTRODUCTION ........................................................................1

STATEMENT OF JURISDICTION..................................................3

STATEMENT OF THE ISSUES......................................................3

STATEMENT OF THE CASE.........................................................4

    A.    Factual Background.........................................................4

    B.    Procedural Background ...................................................5

        1.    Jefferson's Complaint ............................................5

        2.    Defendants' Motion ...............................................6

        3.    This Appeal .........................................................8

        4.    Further District Court Proceedings ...........................8

SUMMARY OF ARGUMENT ........................................................9

STANDARD OF REVIEW ...........................................................11

ARGUMENT .............................................................................12

I.    THIS COURT LACKS APPELLATE JURISDICTION ............................12

    A.    Orders That Neither Deny Nor Effectively Deny Immunity Are
Not Immediately Appealable .............................................13

1. The Collateral Order Doctrine Is Limited To A Few Narrow Categories, Which Include Denials of Immunity ........ 13

2. An Order Failing Or Refusing To Decide Immunity Must Effectively Deny Immunity To Be Immediately Appealable .............................................................................. 16

B. The Collateral Order Doctrine Does Not Support Appellate Jurisdiction Here ................................................................... 20

1. The Order Is Not An Effective Denial Of Immunity ............... 21

   (a) The District Court Contemplated Future Steps Before Conclusively Resolving Immunity ..................... 21

   (b) The District Court Did Not Subject Defendants To Discovery ........................................................................ 23

   (c) The District Court's Actions Further Confirm That It Has Not Effectively Denied Immunity ..................... 25

2. Defendants' Contrary Arguments Lack Merit .......................... 27

3. Any Doubts Should Be Resolved Against Appealability ......... 30

II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED THE MOTION ............................................. 31

A. The District Court Did Not Abuse Its Discretion When It Held That The Motion Was Over The Page Limit Set By The Local Rules ..................................................................................... 31

B. The District Court Did Not Abuse Its Discretion When It Held That Summary Judgment Was Premature ............................. 36

1. The Standard Of Review Is Abuse Of Discretion ................... 37

2. The District Court Did Not Abuse Its Discretion ................... 39

CONCLUSION ................................................................................. 42

REQUEST FOR ORAL ARGUMENT ............................................. 43

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abu-Jamal v. Kerestes,*
   779 F. App'x 893 (3d Cir. 2019) .................................................................21, 22

*Arbogast v. Kansas Department of Labor,*
   789 F.3d 1174 (10th Cir. 2015) ........................................................................17

*Arroyo v. Myers,*
   2024 WL 1714490 (10th Cir. Apr. 22, 2024)...........................14, 19, 20, 22, 24

*Beaird v. Seagate Technology, Inc.,*
   145 F.3d 1159 (10th Cir. 1998) ...................................................................12, 37

*Bradley ex rel. King v. United States,*
   2017 WL 4310224 (D. Kan. Sept. 28, 2017)....................................................39

*Brokers' Choice of America, Inc. v. NBC Universal, Inc.,*
   861 F.3d 1081 (10th Cir. 2017) .......................................................................33

*Bylin v. Billings,*
   568 F.3d 1224 (10th Cir. 2009) .......................................................................31

*Carter v. Daugherty,*
   2025 WL 2496383 (E.D. Va. Aug. 29, 2025) ..................................................39

*Cerveny v. Aventis, Inc.,*
   855 F.3d 1091 (10th Cir. 2017) ...................................................................40, 41

*City of Albuquerque v. Soto Enterprises, Inc.,*
   864 F.3d 1089 (10th Cir. 2017) .......................................................................11

*Cohen v. Beneficial Industrial Loan Corp.,*
   337 U.S. 541 (1949)........................................................................................13

*Coomer v. Make Your Life Epic LLC,*
   98 F.4th 1320 (10th Cir. 2024) .......................................................13, 14, 30, 31

*Couser v. Gay,*
   959 F.3d 1018 (10th Cir. 2020) .......................................................................38

*Craft v. Wipf,*
810 F.2d 170 (8th Cir. 1987) ............................................................18

*Crawford-El v. Britton,*
523 U.S. 574 (1998) ...........................................................................14

*Crumpley v. Associated Wholesale Grocers, Inc.,*
2017 WL 1364839 (D. Kan. Apr. 13, 2017) .....................................39

*Digital Equipment Corp. v. Desktop Direct, Inc.,*
511 U.S. 863 (1994) ...........................................................................14

*District of Columbia v. Trump,*
959 F.3d 126 (4th Cir. 2020) ......................................................18, 19

*Dyer v. Rabon,*
212 F. App'x 714 (10th Cir. 2006) ....................................................28

*Energy & Environment Legal Institute v. Epel,*
793 F.3d 1169 (10th Cir. 2015) .........................................................37

*Gallegos v. City & County of Denver,*
984 F.2d 358 (10th Cir. 1993) .....................................................16, 18

*Garrett v. Stratman,*
254 F.3d 946 (10th Cir. 2001) .....................................................24, 30

*Green Solution Retail, Inc. v. United States,*
855 F.3d 1111 (10th Cir. 2017) .........................................................27

*Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.,*
296 F.3d 982 (10th Cir. 2002) ...........................................................38

*Helton v. Clements,*
787 F.2d 1016 (5th Cir. 1986) ...........................................................18

*Hennessey v. University of Kansas Hospital Authority,*
53 F.4th 516 (10th Cir. 2022) ............................................................15

*Hu v. Village of Maywood,*
2010 WL 276704 (N.D. Ill. Jan. 19, 2010) .......................................41

*Liverman v. Committee on the Judiciary, U.S. House of Representatives*,
    51 F. App'x 825 (10th Cir. 2002) ....................................................37

*Lowe v. Town of Fairfield*,
    143 F.3d 1378 (10th Cir. 1998) .....................................................19

*Lugo v. City of Troy*,
    114 F.4th 80 (2d Cir. 2024) ..........................................................33

*Lybrook v. Members of Farmington Municipal Schools Board of Education*,
    232 F.3d 1334 (10th Cir. 2000) .....................................................32

*Martinez v. Aaron*,
    570 F.2d 317 (10th Cir. 1978) .........................................................5

*Maxey ex rel. Maxey v. Fulton*,
    890 F.2d 279 (10th Cir. 1989) ...........................................17, 20, 29

*McInnis v. Fairfield Communities, Inc.*,
    458 F.3d 1129 (10th Cir. 2006) .....................................................34

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ............................................ 10, 14-17, 23, 26, 40

*Mohamed v. Jones*,
    100 F.4th 1214 (10th Cir. 2024) .........................................13, 14, 16, 30

*Mohawk Industries, Inc. v. Carpenter*,
    558 U.S. 100 (2009) ...........................................................13, 14, 30

*Montoya v. Vigil*,
    898 F.3d 1056 (10th Cir. 2018) .....................................................17

*Moss v. U.S. Secret Service*,
    572 F.3d 962 (9th Cir. 2009) ........................................................24

*Musso v. Hourigan*,
    836 F.2d 736 (2d Cir. 1988) .........................................................18

*Noshirvan v. Couture*,
2024 WL 1619409 (M.D. Fla. Apr. 15, 2024)...................................39

*Petersen v. Reisch*,
585 F.3d 1091 (8th Cir. 2009) .............................................19, 20, 22

*Pierce v. Underwood*,
487 U.S. 552 (1988)........................................................................12

*Price v. Leflore County Detention Center Public Trust*,
2014 WL 3965971 (E.D. Okla. Aug. 12, 2014) ..............................14

*Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993)............................................................14, 15, 16

*Rachel v. Troutt*,
820 F.3d 390 (10th Cir. 2016) ...........................................................5

*Roth v. Green*,
466 F.3d 1179 (10th Cir. 2006) .......................................................11

*Siegert v. Gilley*,
1987 WL 27640 (D.D.C. Dec. 3, 1987)............................................28

*Siegert v. Gilley*,
500 U.S. 226 (1991)..................................................................27, 28

*Steel Co. v. Citizens for a Better Environment*,
523 U.S. 83 (1998).........................................................................27

*Stewart v. Oklahoma*,
292 F.3d 1257 (10th Cir. 2002) .......................................................16

*Swoboda v. Dubach*,
992 F.2d 286 (10th Cir. 1993) .........................................................32

*Tachias v. Sanders*,
130 F.4th 836 (10th Cir. 2025) ........................................................38

*Tapest v. PS Camping, Inc.*,
2016 WL 11713385 (D. Colo. Oct. 25, 2016) ..................................39

*Techy v. Arete Surgical Center, LLC*,
2024 WL 1157007 (D. Colo. Feb. 1, 2024)......................................39

*Tonkovich v. Kansas Board of Regents*,
159 F.3d 504 (10th Cir. 1998) ......................................................38

*Ullery v. Bradley*,
949 F.3d 1282 (10th Cir. 2020) .......................................................9

*Ullmo ex rel. Ullmo v. Gilmour Academy*,
273 F.3d 671 (6th Cir. 2001) .........................................................37

*United States v. Egan*,
256 F. App'x 191 (10th Cir. 2007) ..................................................36

*United States v. Evanson*,
584 F.3d 904 (10th Cir. 2009) .......................................................36

*United States v. Mobley*,
971 F.3d 1187 (10th Cir. 2020) ................................................12, 32

*United States v. Pickard*,
676 F.3d 1214 (10th Cir. 2012) ......................................................19

*United States v. Stone*,
53 F.3d 141 (6th Cir. 1995) ..........................................................30

*United States v. Teerlink*,
141 F.4th 1126 (10th Cir. 2025) .....................................................37

*In re Westwood Shake & Shingle, Inc.*,
971 F.2d 387 (9th Cir. 1992) .........................................................30

*Wheat v. United States*,
486 U.S. 153 (1988)......................................................................36

*Wooten v. Roach*,
964 F.3d 395 (5th Cir. 2020) .........................................................22

*Workman v. Jordan*,
958 F.2d 332 (10th Cir. 1992) ........................ 10, 12, 15-18, 23, 26, 29

*Zayas-Green v. Casaine*,
906 F.2d 18 (1st Cir. 1990) ..............................................................18

## STATUTES

28 U.S.C. § 1291 ..............................................................................13

28 U.S.C. § 1331 ................................................................................3

42 U.S.C. § 1983 ............................................................................1, 3

## OTHER AUTHORITIES

D. Colo. L. Civ. R. 7.1(C) (2006) ..................................................34

D. Kan. R. 6.1(d)(1) .....................................................................7, 21

D. Kan. R. 7.1(d) .........................................................................2, 11

D. Kan. R. 7.1(d)(1) .........................................................................32

D. Kan. R. 7.1(d)(2) .........................................................................32

D. Kan. R. 7.1(d)(3) ...............................................................1, 32, 36

D. Kan. R. 56.1(a) .............................................................................35

D. Kan. R. 56.1(b) ............................................................................35

5C *Wright & Miller's Federal Practice and Procedure*
(3d ed. Nov. 2025 update) .............................................................33

## STATEMENT OF RELATED APPEALS
## PURSUANT TO RULE 28.2(C)(1)

There are no prior or related appeals.

# GLOSSARY

| Abbreviation/acronym | Description |
| --- | --- |
| App. | Defendants' Appendix |
| Dist. Ct. Dkt. | District court docket entry in this case |
| Doc. | Tenth Circuit docket entry in this case |
| Defendants | Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper |
| El Dorado | El Dorado Correctional Facility |
| KDOC | Kansas Department of Corrections |
| MB | Defendants' Memorandum Brief |
| Motion | Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, App. 187-224 |
| OB | Defendants' Opening Brief |
| Order | Order Denying Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, App. 265-66 |

**INTRODUCTION**

Kansas Department of Corrections ("KDOC") officials Leonard Moore, Austin Merz, Bryan Buchman, Trenton Burk, Orlando Perez, and Clay Cooper ("Defendants") urge this Court to exercise appellate jurisdiction under the collateral order doctrine to review the district court's two-page, without-prejudice, procedural denial of their motion for judgment on the pleadings or, in the alternative, for summary judgment (the "Motion"). The collateral order doctrine does not reach that far, and this Court should dismiss the appeal for lack of jurisdiction. Alternatively, the Court should affirm because the district court properly denied the Motion.

Plaintiff Anthony Jefferson sued Defendants under 42 U.S.C. § 1983. Defendants filed their Motion raising, among other things, qualified immunity and Eleventh Amendment immunity. And they sought a stay of discovery, which the magistrate judge granted. But before Jefferson could respond to the Motion, the district court issued an order denying it without prejudice because it was 22 pages over the limit set by District of Kansas Local Rule 7.1(d)(3) (the "Order"). The Order also noted that, regardless, it would deny summary judgment as premature. Rather than file a conforming motion (as defense counsel did in a similar case), Defendants appealed.

This Court does not have appellate jurisdiction to hear this appeal. Defendants have not met their burden to show the collateral order doctrine applies. To be

appealable, an order failing or refusing to rule on immunity must effectively operate as a denial of immunity. That is, the order must leave a defendant clearly and conclusively facing the burdens of general discovery or trial. The Order here did no such thing. It denied the Motion without prejudice, expressly invited Defendants to refile a proper motion by a set date, and did not foreclose ruling on immunity arguments before discovery. It also kept discovery stayed. The collateral order doctrine does not apply on its own terms. And any doubt should be resolved against expanding the doctrine to supervise a district court's docket-management activities.

If the Court finds it has jurisdiction, it should affirm. The district court acted within its discretion in denying the Motion for two independent reasons. First, the court reasonably construed Defendants' in-the-alternative motion as falling within the category of "[a]ll other motions," rather than "[s]ummary judgment motions," under Local Rule 7.1(d). That is sufficient to affirm. Second, and regardless, the court's alternative ruling that it would not consider a summary judgment motion at this stage is reviewed for abuse of discretion and was within the wide bounds of that discretion. The court permissibly rejected Defendants' in-the-alternative motion in favor of a sequence of standalone motions: Federal Rule of Civil Procedure 12 first, and then Rule 56. And because that sequencing decision did not subject Defendants to any discovery, it did not violate their entitlement to immunity nor the rules governing summary judgment.

## STATEMENT OF JURISDICTION

The United States District Court for the District of Kansas had jurisdiction under 28 U.S.C. § 1331 because Jefferson asserted claims under 42 U.S.C. § 1983. This interlocutory appeal arises from the district court's January 24, 2025 order denying without prejudice Defendants' "Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment." App. 265-66.[1] Defendants timely appealed. App. 267. For the reasons explained below, this Court lacks appellate jurisdiction.

## STATEMENT OF THE ISSUES

1. Whether this Court lacks appellate jurisdiction over the district court's interlocutory order denying Defendants' "Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment," which was on purely procedural grounds and without prejudice.

2. Whether the district court acted within its discretion when it (a) held that Defendants' Motion was over the page limit set by the district's local rules, or (b) rejected Defendants' in-the-alternative request for summary judgment.

---

[1] In this brief, "App." refers to citations to Defendants' Appendix; "Dist. Ct. Dkt." refers to district court docket entries; and "Doc." refers to docket entries in this Court.

## STATEMENT OF THE CASE

### A.    Factual Background

Anthony Jefferson was incarcerated at the El Dorado Correctional Facility ("El Dorado") in Kansas.  App. 14.  On July 26, 2023, while in the prison's dayroom, Jefferson experienced a medical emergency with his lower back, causing him to seize up and collapse, unable to stand or speak clearly.  App. 35.  Several KDOC officials responded. *See* App. 16-18.

Defendant Bryan Buchman placed Jefferson in a restraint chair.  App. 16. Buchman and Defendant Austin Merz kneed Jefferson repeatedly and choked him until he was spitting up blood and was semi-unconscious.  App. 16-17.  Another officer stated that Jefferson was not "trying to do anything at the time he was strapped in and as far as I could see he was compliant."  App. 31.  Yet Merz "used the pressure point underneath [Jefferson's] jaw line . . . to gain compliance."  App. 31.  Even after Jefferson was fully restrained, Merz kept applying pressure until "blood was coming from [Jefferson's] mouth."  App. 32.  When they were not participating, other defendants stood by and watched without intervening. App. 16-18.

Jefferson unsuccessfully sought recourse through El Dorado's internal grievance process.  App. 21-59.  Defendant Leonard Moore, who oversaw use-of-

force claims at El Dorado, App. 14, offered to "settle [Jefferson's] claim." App. 19. Nonetheless, Jefferson's claim was rejected. App. 19.

## B. Procedural Background

### 1. Jefferson's Complaint

On December 28, 2023, Jefferson filed a *pro se* complaint in the District of Kansas, alleging violations of his Eighth and Fourteenth Amendment rights and seeking monetary relief under 42 U.S.C. § 1983. *See* App. 14-59. He sued Defendants, as well as three other defendants who are not parties to the appeal: two other correctional officers—Sara Thatcher and Christopher Finch—and an unidentified Centurion nursing staff member. *See* App. 16-20. Against all defendants, Jefferson alleged cruel and unusual punishment. *See* App. 16, 19. He also brought two claims for deliberate indifference against all defendants except Moore. *See* App. 17-20.

In screening Jefferson's complaint under 28 U.S.C. § 1915A, the district court determined that his claims could not be properly processed without additional information and ordered KDOC officials to prepare a *Martinez* report.[2] App. 119.

---

[2]  As set forth in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (per curiam), district courts may "facilitate th[e § 1915A] screening process" by "order[ing] prison officials to investigate an inmate's allegations to determine whether they have any factual or legal basis." *Rachel v. Troutt*, 820 F.3d 390, 393 n.1 (10th Cir. 2016). Courts thus "frequently refer to the resulting investigative report as a '*Martinez* report.'" *Id.*

The court reviewed the *Martinez* report and ordered Jefferson to show cause why his claims should not be dismissed. App. 126. Jefferson responded that herniated discs in his back had pinched a nerve, causing extreme pain and thus his unusual behavior. App. 155; *see generally* App. 128-71. The *Martinez* report corroborated that explanation; it showed that Jefferson sought medical care for back pain several days before the incident and was later diagnosed with multiple spinal conditions. *See* Dist. Ct. Dkt. 8-15 at 3. The court found Jefferson's case survived screening. App. 176.

### 2. Defendants' Motion

In October 2024, Centurion moved to dismiss, as did Thatcher and Finch. *See* App. 11. Defendants did not join those motions, and instead filed an answer. App. 177-85. On January 14, 2025, Defendants filed the Motion; a notice to *pro se* litigant who opposes a motion for summary judgment; and a motion to stay discovery. App. 12.

The Motion was 37 pages long, App. 187-223, and sought dismissal under Federal Rule of Civil Procedure 12(c) "or alternatively" "summary judgment," App. 187. It made several different arguments. Defendants raised immunity issues, including that the Eleventh Amendment barred any official-capacity claims; Merz and Buchman were entitled to qualified immunity because they did not use excessive force; and Defendants were not deliberately indifferent. App. 205, 209-19. Relatedly, Defendants argued that Jefferson failed to state a failure-to-intervene

claim absent an underlying constitutional violation. App. 219-23. The Motion also made a merits-only argument that Jefferson failed to state a claim against Moore. App. 206. And it argued the district court should disregard certain statements attached to the complaint. App. 207-08.

The magistrate judge granted Defendants' request to stay discovery pending resolution of "the qualified immunity question." App. 262-64. Once the district court decided the relevant motions, the stay would not automatically lift; the parties instead would have to coordinate with the magistrate judge. App. 264.

On January 24, 2025, before Jefferson's deadline to respond to the Motion had passed, *see* D. Kan. R. 6.1(d)(1); App. 12, the district court issued its Order—a two-page decision denying the Motion without prejudice. App. 265-66. The court denied the Motion for two reasons: (1) because it "far exceeds" the 15-page limit permitted under Local Rule 7.1(d), and, in the alternative, (2) because "a motion for summary judgment is premature." App. 265.

As to the latter reason, the Order explained that "[i]n the ordinary course, a defendant would file and litigate a single Rule 12 motion" and later move for summary judgment after some discovery. App. 265-66. The Order made no mention of immunity and did not lift the discovery stay. App. 265-66.

### 3. This Appeal

Defendants timely appealed. App. 267. The Clerk's Office noticed that because "the district court denied the motion <u>without prejudice</u> as premature for procedural reasons" there could be a "defect in the court's appellate jurisdiction." Doc. 12 at 2. It thus ordered Defendants to brief the jurisdictional issue.

Defendants filed a memorandum brief ("MB"), Doc. 14, arguing that this Court has appellate jurisdiction under the collateral order doctrine because the district court's decision was effectively a denial of immunity that would subject Defendants to "the burdens of such pretrial matters as discovery." MB5, 8 (citation omitted). Jefferson, proceeding *pro se*, did not respond. Doc. 16.

The appeal was referred to the merits panel, *id.*, and Defendants filed their opening brief ("OB"), Doc. 19. Jefferson did not file his *pro se* response brief. *See* Doc. 28. On October 14, 2025, the Court appointed the undersigned counsel, directing counsel to file a response brief (including on the jurisdictional issue) and to present oral argument. *See* Doc. 29.

### 4. Further District Court Proceedings

On October 31, 2025, while this appeal was pending and after Defendants filed their memorandum brief and opening brief, the district court granted the motions to dismiss previously filed by Centurion, Thatcher, and Finch. *See* Dist. Ct. Dkt. 76. As relevant here, the court reasoned that Thatcher and Finch did not violate

the Eighth Amendment by failing to intervene because "Jefferson did not plausibly allege that Buchman and Merz violated his Eighth Amendment rights while Finch and Thatcher were present." *Id.* at 8. According to the court, Buchman's and Merz's conduct, as pleaded, did not meet either the objective or subjective elements of an Eighth Amendment violation. *See id.* at 9; *Ullery v. Bradley*, 949 F.3d 1282, 1290 (10th Cir. 2020). The court concluded that it would be "insufficient under Tenth Circuit precedent to suggest that the alleged wrongdoing was objectively harmful enough to rise to the level of a constitutional violation." Dist. Ct. Dkt. 76 at 9. And the court further concluded that Buchman's and Merz's conduct could not have met the subjective factor by "appl[ying] force maliciously and sadistically for the very purpose of causing harm" where the officers were attempting to secure Jefferson in a restraint chair. *See id.*

The district court did not address Thatcher and Finch's immunity arguments, remarking instead that because they "did not observe a constitutional violation, it is unnecessary to address their arguments that qualified immunity provides another reason for dismissal." *Id.* at 10 n.4.

## SUMMARY OF ARGUMENT

I. This Court lacks appellate jurisdiction to decide this appeal. The Order does not fall within the collateral order doctrine's limited scope and any doubt

should be resolved against expanding the doctrine to supervise a district court's docket-management activities.

A.  Denials of immunity are immediately appealable because they force a defendant to bear "the costs of trial or . . . the burdens of broad-reaching discovery," which the defendant cannot effectively challenge on appeal from final judgment. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citation omitted).  Likewise, an order postponing an immunity ruling can be appealable—but only if it has the same effect as a denial of immunity by subjecting a defendant to trial or broad-reaching discovery.  *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992).  Such an order is appealable only if a district court clearly and conclusively leaves a defendant with no way to avoid these litigation burdens.

B.  The district court did not do that here.  The Order was a purely procedural decision that contemplated future steps—refiling in a proper form by a certain date—before deciding Defendants' entitlement to immunity.  The Order did not force Defendants to participate in any discovery:  There is an ongoing stay, and the Order did not direct discovery now.  Other rulings by this district judge confirm that he would be willing to consider Defendants' immunity claims before any discovery in these circumstances.  Defendants' contrary arguments lack merit.  Finally, if the Court has doubts about the foregoing, it should resolve them against jurisdiction in this interlocutory posture.

II.  If this Court finds it has jurisdiction, it should nonetheless affirm because the district court did not abuse its discretion for two independent reasons.

A.  The district court reasonably interpreted the local rules when it held that Defendants' Motion was subject to the page limit for "[a]ll other motions," rather than "[s]ummary judgment motions," under Local Rule 7.1(d).  The Motion—which was for judgment on the pleadings or, in the alternative, for summary judgment— was a Rule 12 motion unless and until the court converted it into one for summary judgment.  On its face, it was not just or even primarily a summary judgment motion.

B.  If this Court agrees, it need not address the district court's alternative holding on summary judgment.  But the court acted properly on that issue too.  It had discretion to reject an in-the-alternative motion in favor of sequential Rule 12 and Rule 56 motions.  And in doing so, the Court did not violate Defendants' entitlement to immunity nor the rules governing summary judgment.

## STANDARD OF REVIEW

This Court determines de novo whether it has appellate jurisdiction.  *City of Albuquerque v. Soto Enter., Inc.*, 864 F.3d 1089, 1091 (10th Cir. 2017).  The appellant bears the burden to establish such jurisdiction.  *Id.*

This Court "review[s] a district court's application of its local rules for abuse of discretion."  *Roth v. Green*, 466 F.3d 1179, 1190 (10th Cir. 2006).  "[I]ssues involving what can broadly be labeled 'supervision of litigation,'" including "the

trial court's managing [of] its docket and supervising the parties," are also reviewed for an abuse of discretion. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (quoting *Pierce v. Underwood*, 487 U.S. 552, 558 n.1 (1988)). "[A] court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (alteration in original) (citation omitted).

## ARGUMENT

## I. THIS COURT LACKS APPELLATE JURISDICTION

Defendants have not met their burden to establish appellate jurisdiction. The collateral order doctrine's narrow exception to finality allows for immediate appeal of certain orders denying immunity. The corollary category of "order[s] failing or refusing to decide a qualified immunity claim," is necessarily limited to those that *effectively* deny immunity. *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992). For an order to fall within this category, it must clearly and conclusively subject a defendant to trial or broad-reaching discovery such that their entitlement to immunity is effectively lost absent immediate appeal. The two-page, without-prejudice, procedural Order does not meet those requirements.

### A. Orders That Neither Deny Nor Effectively Deny Immunity Are Not Immediately Appealable

#### 1. The Collateral Order Doctrine Is Limited To A Few Narrow Categories, Which Include Denials of Immunity

Federal appellate jurisdiction is generally limited to appeals from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. This final judgment rule plays a critical role in the orderly functioning of the judiciary. "Allowing too many 'piecemeal, prejudgment appeals . . . encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation,'" imposes costly delay, and "risks additional, and unnecessary, appellate court work." *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1324 (10th Cir. 2024) (alteration in original) (citations omitted).

But under the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), a limited subset of non-final orders may be practically treated as final and immediately appealable. *Mohamed v. Jones*, 100 F.4th 1214, 1218 (10th Cir. 2024). To qualify as appealable, orders must meet three "*Cohen* factors": they must (1) "conclusive[ly]" resolve (2) "important questions separate from the merits" that (3) would be "effectively unreviewable" on appeal from final judgment. *Id.* (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)). This *Cohen* test is not "an individualized jurisdictional inquiry" that

can be used to "speed[]" up the "litigation at hand"—rather, "courts consider 'the entire category to which a claim belongs.'" *Id.* (quoting *Mohawk*, 558 U.S. at 107).

These categories are defined narrowly. The Supreme Court has issued "increasingly emphatic instructions that the class of cases capable of satisfying this 'stringent' test should be understood as 'small,' 'modest,' and 'narrow.'" *Id.* (citations omitted); *accord Coomer*, 98 F.4th at 1324. And the collateral order doctrine should "never be allowed to swallow the general rule" favoring finality. *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

As relevant here, denials of qualified immunity and Eleventh Amendment immunity are subject to the collateral order doctrine—to the extent they turn on an issue of law. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (qualified immunity); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (Eleventh Amendment immunity).

Immunity benefits defendants by allowing them to avoid "the costs of trial or . . . the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526 (citation omitted). But immunity does not protect against mere "trepidation at the prospect of future litigation." *Arroyo v. Myers*, 2024 WL 1714490, at *3 n.5 (10th Cir. Apr. 22, 2024) (unpublished). And it "does not create immunity from all discovery." *Price v. Leflore Cnty. Det. Ctr. Pub. Tr.*, 2014 WL 3965971, at *2 (E.D. Okla. Aug. 12, 2014) (citing *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998)). A

court may order limited discovery on immunity-related facts without stripping a defendant of their entitlement to immunity. *See Workman*, 958 F.2d at 336; *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516 (10th Cir. 2022).

Denials of qualified immunity and Eleventh Amendment immunity have been held to meet all three *Cohen* factors. First, a denial of immunity is "conclusive," or "fully consummated," because there are "no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred." *Mitchell*, 472 U.S. at 527 (citation omitted); *P.R. Aqueduct*, 506 U.S. at 145. For qualified immunity, if a district court rules on clearly established law, "there will be nothing in the subsequent course of the proceedings in the district court that can alter the court's conclusion that the defendant is not immune." *Mitchell*, 472 U.S. at 527. And if the court holds that even if "the facts are as asserted by the plaintiff, the defendant is not immune," then it moves the case forward by "finally and conclusively determin[ing] the defendant's claim of right not to *stand trial* on the plaintiff's allegations." *Id.* For Eleventh Amendment immunity, "[d]enials . . . purport to be conclusive determinations that [defendants] have no right not to be sued in federal court." *P.R. Aqueduct*, 506 U.S. at 145.

Second, denials of qualified immunity are important and separate from the merits because the appellate court need not consider "the correctness of the plaintiff's version of the facts, nor even whether plaintiff's allegations actually state

a claim." *Mitchell*, 472 U.S. at 528. And Eleventh Amendment immunity "involves a claim to a fundamental constitutional protection, whose resolution generally will have no bearing on the merits of the underlying action." *P.R. Aqueduct*, 506 U.S. at 145 (citation omitted). Third, denials of immunity are "effectively unreviewable" on appeal from final judgment because the protection "from suit" embodied in immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526-27 (emphasis omitted); *P.R. Aqueduct*, 506 U.S. at 145.

### 2. An Order Failing Or Refusing To Decide Immunity Must Effectively Deny Immunity To Be Immediately Appealable

This Court has also recognized that "order[s] failing or refusing to decide" an immunity claim are immediately appealable under the collateral order doctrine. *Workman*, 958 F.2d at 335 (qualified immunity); *Stewart v. Oklahoma*, 292 F.3d 1257, 1260 (10th Cir. 2002) (Eleventh Amendment immunity). When a court "postpon[es] a decision on the qualified immunity question until trial," it "[i]n essence . . . is requiring the defendants to go to trial before determining whether or not they are entitled to qualified immunity." *Gallegos v. City & Cnty. of Denver*, 984 F.2d 358, 362 (10th Cir. 1993). That "undermin[es] . . . the purpose of qualified immunity" and is appealable for the same reasons the Supreme Court has articulated as to express denials of immunity. *Id.*; *accord Workman*, 958 F.2d at 335.

As that rationale suggests, this "narrow" class of orders, *Mohamed*, 100 F.4th at 1218 (citation omitted), is immediately appealable only if they are functionally

equivalent to a denial of immunity and thus meet the *Cohen* factors. For such an order to effectively deny immunity, it must "conclusively and finally deny [the defendant]'s entitlement to qualified immunity" by subjecting them to trial or broad-reaching discovery. *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 281 (10th Cir. 1989). Only if the refusal order conclusively decides the issues has a defendant "effectively lost" their "entitlement . . . to be free from suit and the burden of avoidable pretrial matters." *Workman*, 958 F.2d at 335 (citations omitted).

In the context of denials of immunity, conclusiveness is typically easily satisfied: a district court ruled on immunity and found it inapplicable, so trial or broad-reaching discovery comes next. That is not the case for orders failing or refusing to decide an immunity claim. These orders often involve non-substantive timing decisions and may not even mention immunity. *See Montoya v. Vigil*, 898 F.3d 1056, 1063 (10th Cir. 2018) (A "district court's silence" on immunity, particularly when it has addressed other issues, "can operate as an implicit denial."). Thus, it is important in this context to be sure that the court *clearly* made a "fully consummated" decision that the defendant would be subject to trial or broad-reaching discovery now. *Mitchell*, 472 U.S. at 527 (citation omitted); *see Arbogast v. Kan. Dep't of Lab.*, 789 F.3d 1174, 1180 (10th Cir. 2015) ("[T]his court has emphasized the importance of precisely identifying" "whether a district court has conclusively determined the disputed question.").

The case law bears this out. In "most cases in which courts have found a basis for appellate jurisdiction," orders failing or refusing to rule on immunity expressly state that the "decision was final" and the court "would adjudicate nothing else at that point." *District of Columbia v. Trump*, 959 F.3d 126, 130 (4th Cir. 2020) (en banc) (collecting and summarizing cases). For example, in *Workman*, the district court's order clearly stated that it was postponing the decision on whether qualified immunity applied *until trial*.[3] 958 F.2d at 333. The same thing happened in *Gallegos*. The district court denied summary judgment, stating, "I did not address the issue of qualified immunity, because I think there are factual issues remaining there," and required the defendants to proceed to trial to resolve them. 984 F.2d at 361.

Even in cases where courts implicitly refuse to rule on immunity—by, for instance, substantively addressing other issues and ignoring the immunity claim—

_____

[3] The out-of-circuit cases this Court relied on in *Workman* similarly involved clear indications that the district court had finally and conclusively resolved the immunity issue. *See Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (court declared that "any further motions in this case will not be ruled upon by the court before trial but will be carried along with the trial of the case on the merits," which expressly applied to the pending motion raising immunity); *Zayas-Green v. Casaine*, 906 F.2d 18, 23 (1st Cir. 1990) (court "ruled *finally* that '[n]o further dispositive pretrial motions shall be entertained'" (alteration in original) (emphasis added)); *Craft v. Wipf*, 810 F.2d 170, 173 (8th Cir. 1987) (per curiam) (considering it "unlikely" that order denying summary judgment after substantively addressing claims "intended to decide other issues, such as immunity, later"); *Musso v. Hourigan*, 836 F.2d 736, 741 (2d Cir. 1988) (similar).

the order must still "be clear, establishing that the ruling is the court's final determination in the matter." *District of Columbia*, 959 F.3d at 130. Consider *Lowe v. Town of Fairfield*, 143 F.3d 1378 (10th Cir. 1998). There, the district court ruled on all claims, denying the defendants' motion to dismiss on two, but failing to discuss the qualified immunity defense raised as to those two claims. *See id.* at 1380. This Court inferred that the district court had denied qualified immunity by failing to expressly address it and because the court had denied the motion to dismiss, the defendants "los[t] [their] right to be free from the burdens of discovery." *Id.* at 1380-81.

Conversely, courts have held that they lack appellate jurisdiction when an order does not clearly resolve whether a defendant will lose immunity protections. *See, e.g.*, *Arroyo*, 2024 WL 1714490, at *5. In these cases, courts have found it instructive that an order "contemplate[s]" future action before it will conclusively address immunity—such as "the filing of another [similar] motion" re-raising the same issue "well before trial." *Id.* (quoting *Petersen v. Reisch*, 585 F.3d 1091, 1092 (8th Cir. 2009)); *see also, e.g.*, *District of Columbia*, 959 F.3d at 131 (no appellate jurisdiction where "district court d[id] intend to rule on a motion asserting an immunity defense" because "court stated in writing that it intended to" do so); *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012) (similar). A denial without prejudice can also help to show that a court has not conclusively ruled. *See Arroyo*,

2024 WL 1714490, at *5; *Petersen*, 585 F.3d at 1093 (without-prejudice denial not appealable because it allowed defendants to later "pursue their same defenses, including qualified immunity").

Because the focus of immunity is on avoiding trial or broad-reaching discovery, courts have also found orders unappealable if they do not subject defendants to any discovery or only subject defendants to discovery limited to the immunity issue. *See, e.g.*, *Arroyo*, 2024 WL 1714490, at *5-6 & n.8 (distinguishing cases where courts "imposed actual litigation burdens on the appellant (such as standing trial or responding to discovery)"); *Maxey*, 890 F.2d at 281 (no jurisdiction where district court "merely defer[red] [the immunity] issue pending" refiling and ordered limited discovery tailored to resolving qualified immunity). In sum, to be appealable, an order failing or refusing to rule on immunity must clearly and "conclusively determine the disputed [legal] question." *Arroyo*, 2024 WL 1714490, at *5 (alteration in original) (quoting *Petersen*, 585 F.3d at 1093).

### B. The Collateral Order Doctrine Does Not Support Appellate Jurisdiction Here

The Order was not effectively a denial of immunity. It contemplated future proceedings short of full discovery or trial before ruling on immunity, and it did not subject Defendants to any discovery. That is clear from the face of the Order and from other rulings by this district judge. Defendants' contrary arguments are unavailing. And to the extent that the district court does ultimately subject

Defendants to full discovery or trial before addressing immunity, there will be other opportunities for this Court's review; the Court should not expand the narrow confines of the collateral order doctrine to find appellate jurisdiction at this time.

### 1. The Order Is Not An Effective Denial Of Immunity

#### (a) The District Court Contemplated Future Steps Before Conclusively Resolving Immunity

The Order's timing, substance, and without-prejudice designation show that it was a procedural decision that contemplated future steps to put the Motion in a form acceptable to the district court before deciding Defendants' entitlement to immunity. That is not sufficient to confer jurisdiction.

Start with the timing. The district court ruled before Jefferson's time to respond had run. *See* D. Kan. R. 6.1(d)(1); App. 224, 266. That early ruling makes sense *because* the Order was meant to quickly correct the Motion's form before Jefferson wasted his and the court's time by responding to the non-compliant Motion.

On substance, the Order's primary holding was Defendants' failure to comply with the local rules. The Third Circuit held that it lacked jurisdiction on similar facts. In *Abu-Jamal v. Kerestes*, 779 F. App'x 893 (3d Cir. 2019), the district court "decline[d] to convert the [defendant's] motion to dismiss to a motion for summary judgment" raising qualified immunity because of the defendants' "failure to comply with Local Rule 56.1." *Id.* at 898. That order was "a procedural decision that does not constitute a final or collateral order" because it "d[id] not address the merits of

summary judgment or preclude the [defendants] from bringing a future summary judgment motion that satisfies Local Rule 56.1." *Id.* The same rule should apply here.

That the Order was a denial without prejudice—both in name and in substance—confirms that it was not the final word on immunity. *See Arroyo*, 2024 WL 1714490, at *5; *Petersen*, 585 F.3d at 1093. Not only was the denial expressly without prejudice, but the district court also invited Defendants to make a new filing by a specific date—"before February 7, 2025." App. 266. Such "an explicit timeline" signals that the order is not conclusive. *See Wooten v. Roach*, 964 F.3d 395, 406 (5th Cir. 2020).

*Arroyo* illustrates why this without-prejudice denial was just an "administrative" "docket management" decision, rather than an effective denial of immunity. 2024 WL 1714490, at *4. There, the defendant moved to dismiss based on qualified immunity, but the district court denied the motion without prejudice until after other defendants' appeals were resolved. *Id.* at *2. On appeal, this Court held it lacked jurisdiction because the without-prejudice denial contemplated re-filing after the separate appeals had been resolved and discovery would remain stayed until then. *Id.* at *5-6. So too here: there was a without-prejudice denial, a specific time contemplated for a future similar filing, and (as discussed below) no discovery ordered in the interim.

Because the Order leaves Defendants with "further steps that can be taken in the District Court to avoid the trial" they "maintain[] is barred," it is not appealable. *Mitchell*, 472 U.S. at 527 (citation omitted); *accord Workman*, 958 F.2d at 335.

### (b) The District Court Did Not Subject Defendants To Discovery

Defendants assert that the Order "decline[d] to rule on qualified immunity arguments until after discovery concludes," and "forces them to go through the full burdens of pre-trial discovery." MB8, 11. Not at all: the district court did not subject Defendants to *any* discovery at this time. Defendants cannot conclusively show they will be subject to the sorts of burdens that could justify an immediate appeal.

It is telling that Defendants' jurisdictional analysis hardly even mentions the magistrate judge's stay order or the text of the Order. *See* MB5-12. The magistrate judge stayed "discovery and pretrial proceedings" "unless and until after the qualified immunity question is decided." App. 262. As all seemingly agree, no "qualified immunity question" has been "decided," so the stay remains in effect. App. 262. And in any event, the stay was not automatically lifted when the district court issued the Order because other motions were still outstanding and lifting the stay required coordinating with the magistrate judge. *See* App. 263-64.

Nothing in the Order changes that. The Order did not lift the stay; it did not require Defendants to engage in any particular discovery; and it did not, as

Defendants contend, "state that Jefferson needs to be allowed authority to conduct discovery" before it would rule on immunity. OB16. Rather, the Order noted that discovery would "[i]n the ordinary course" proceed after the court ruled on a properly presented Rule 12 motion, and it invited Defendants to file that motion. *See* App. 265-66. To the extent there is any ambiguity about whether Defendants are subject to discovery now, that just shows the Order is not clear enough to be conclusive.

Where "the district court has *yet to order any discovery or to compel the [defendants] to submit to depositions*," the "need to obtain appellate review before being subjected to burdensome pretrial obligations . . . has not been shown, and the appeal is premature." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 973-74 (9th Cir. 2009) (emphasis added) (citing *Garrett v. Stratman*, 254 F.3d 946, 953 (10th Cir. 2001)); *see Arroyo*, 2024 WL 1714490, at *5-6 & n.8. The Ninth Circuit explained that principle in a procedural posture just like this, where the district court had "deferr[ed]" an "alternative summary judgment motion" until "after resolution of the motion to dismiss." *Moss*, 572 F.3d at 967. Here too, because the district court did not clearly order Defendants to submit to any discovery or compel depositions at this time, Defendants' immunity is not conclusively lost—and the dictates of the collateral order doctrine are not satisfied.

### (c) The District Court's Actions Further Confirm That It Has Not Effectively Denied Immunity

The district court's actions in a similar case and in this one further confirm what the Order makes clear: it has not conclusively resolved the immunity issue. Both (1) a prior case before the same district judge and (2) the court's post-appeal ruling on other defendants' motions to dismiss show the court is likely to rule on immunity when the issue is properly presented and before general discovery.

In a case strikingly similar to this one (and involving the same defense counsel), Judge Crouse ruled on immunity before discovery. *See* OB9 n.1 (complaining that "this is not the first time [Judge Crouse] has refused to rule on immunity arguments raised in an alternative motion for summary judgment" and citing Order, *O'Quinn v. Kelly*, No. 5:23-cv-3117 (D. Kan. May 10, 2024), Dkt. 35 ("*O'Quinn* Order")). *O'Quinn* involved a *pro se* prisoner's claims against a state prison warden. *O'Quinn* Order 1. The defendants filed a 30-page motion to dismiss or, in the alternative, for summary judgment. *See O'Quinn* Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J., Dkt. 32. Judge Crouse denied the motion without prejudice because it was over the page limit set by the local rules and held, in the alternative, that summary judgment was premature. *See O'Quinn* Order 1-2.

Rather than appeal, the defendants filed a motion to dismiss consistent with the 15-page limit set by the local rules, re-raising the same arguments, including Eleventh Amendment immunity and qualified immunity. *See O'Quinn* Defs.' Mot.

to Dismiss 4-5, 10-11, Dkt. 48.   Before any discovery occurred, Judge Crouse granted the renewed motion to dismiss—partially on Eleventh Amendment immunity grounds.   *See O'Quinn* Order on Renewed Mot. to Dismiss 9, Dkt. 57. *O'Quinn* underscores that the district court left Defendants here with available steps to avoid the discovery and trial that they maintain is barred.   *See Mitchell*, 472 U.S. at 527; *Workman*, 958 F.2d at 335.   That Defendants chose not to take those steps and to instead file a premature appeal cannot be enough to confer appellate jurisdiction.

Indeed, even in this case, Judge Crouse has proven willing to consider immunity issues in pre-trial motions and before general discovery.   After this appeal was filed, the district court granted Centurion's and Thatcher and Finch's procedurally proper motions to dismiss.   *See* Dist. Ct. Dkt. 76.   The court acknowledged Thatcher and Finch's qualified immunity arguments, despite basing its ruling on merits arguments.   *Id.* at 10 n.4.   Because the court already addressed arguments directly related to the issues on which Defendants seek a ruling and did so prior to any discovery, it is hard to understand how Defendants can continue to insist that the court conclusively refused to consider immunity defenses before broad-ranging discovery.

## 2. Defendants' Contrary Arguments Lack Merit

Defendants bear the burden to establish jurisdiction. To do so, they point to two cases that they claim are "similar[]" to this one. MB10. And they argue that because the district court did *not* order discovery tailored to the immunity issues, it necessarily subjected Defendants to broad-reaching discovery. OB18; *see* MB7-8. Neither argument supports jurisdiction.

Defendants first rely on *Siegert v. Gilley*, 500 U.S. 226 (1991), to say that a defendant "can" raise "qualified immunity . . . pre-discovery in 'a motion for summary judgment' or 'a motion to dismiss or in the alternative for summary judgment.'" MB5 (quoting *Siegert*, 500 U.S. at 229-35); *see also* MB6-7. Sure, but that is not the question. The question is whether there is appellate jurisdiction to consider any refusal to consider an immunity defense in that posture. *Siegert* has nothing to say about that jurisdictional question.

Even if *Siegert* could be read as impliedly commenting on jurisdiction, it would have no application here. First, such a "drive-by jurisdictional ruling[]" would "have no precedential effect." *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1114 n.2 (10th Cir. 2017) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)). Second, the facts of *Siegert* do not match up with this case. The district court there denied the qualified immunity defense on the merits, finding "that [the plaintiff's] factual allegations were sufficient to state violations of a clearly

established constitutional right"; denied a request to "stay further discovery pending disposition of [the] qualified immunity claim"; and ordered discovery that, despite being "limited," still swept beyond the narrow scope necessary to resolve qualified immunity. 500 U.S. at 229-30; *see Siegert v. Gilley*, 1987 WL 27640, at *1 (D.D.C. Dec. 3, 1987). Like in *Workman*, *Gallegos*, and other cases where courts have found appellate jurisdiction, *see supra* at 17-18, the court in *Siegert* clearly and conclusively imposed the obligations that stripped defendants of their immunity.

Defendants' reliance on *Dyer v. Rabon*, 212 F. App'x 714 (10th Cir. 2006), fails for similar reasons. *See* MB6-7. *Dyer* at least addressed appellate jurisdiction, but it similarly involved a clear order directing defendants to engage in broad-reaching discovery. The defendants moved for summary judgment asserting qualified immunity, and the district court imposed a scheduling order that sequenced discovery first and dispositive motions second. *See* 212 F. App'x at 716. The defendants moved to stay discovery until after the court ruled on the summary judgment motions, but the court insisted on the initial scheduling order and struck the pending motions. *Id.* By contrast, the district court here did not set any discovery orders or insist on addressing immunity only after discovery.[4]

---

[4] Even if *Dyer* were on point factually, it is neither binding nor persuasive. The case was unpublished, decided without argument, and just two pages long. *See* 212 F. App'x at 715-16. It was also the product of sparse briefing that did not engage with the case law in any meaningful way: The opening brief had just one paragraph citing *Workman* and *Lowe*. *See Dyer* Opening Br. 2 (No. 06-5085), 2006 WL

Finally, Defendants argue that the district court subjected them to broad-reaching discovery because the Order did not "identify[] the relevant facts that need clarification to rule on the qualified immunity issue" and "narrowly tailor[] discovery to only those facts." OB18; *see* MB7-8. They imply that if a court fails to order limited discovery, then it necessarily "improperly subject[s]" defendants "'to the burdens of broad-reaching discovery'" and is appealable. *See* OB18 (citation omitted).

The case law—particularly *Workman* and *Maxey*, on which Defendants rely, *see* OB17-18—does not support that strained logic. Recall that *Workman* held that an order was immediately appealable where it expressly postponed the qualified immunity issue until trial. 958 F.2d at 333. *Workman* also explained that under *Maxey*, an order is "*not* immediately appealable if it defers a decision on a qualified immunity claim" because the court needs "further factual clarification" and "permits discovery narrowly tailored to uncover only those facts needed." *Id.* at 336 (emphasis added) (citing *Maxey*, 890 F.2d at 282-83). Neither case says that an order silent about discovery is always appealable. To the contrary, *Maxey* teaches that "[p]rior to resolution of qualified immunity, 'appellate jurisdiction is invoked when

---

2363510. And the three-page response brief limited its jurisdictional argument to a single sentence with no citation: "The issue of qualified immunity has not been ruled upon at the trial court level therefore is not appealable." *Dyer* Response Br. 2, 2006 WL 6358412 (capitalization normalized).

a defendant . . . *is faced with discovery that exceeds* that narrowly tailored to the question of qualified immunity.'" *Garrett*, 254 F.3d at 953 (second alteration in original) (emphasis added). These cases cannot change the fact that here, the discovery stay remains in place and the Order did not subject Defendants to broad-reaching discovery at this time.

### 3. Any Doubts Should Be Resolved Against Appealability

Any uncertainty about appellate jurisdiction must be "resolved in favor of finding that the interlocutory order is not appealable." *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 390 (9th Cir. 1992); *accord United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir. 1995). This Court explained that it "must heed the Supreme Court's 'increasingly emphatic instructions" to keep the collateral order doctrine "'small,' 'modest,' and 'narrow.'" *Mohamed*, 100 F.4th at 1225 (citations omitted). If any doubt remains about the conclusive nature of the district court's order, the Court should err in favor of denying jurisdiction. It should not expand the collateral order doctrine to fit this case.

Holding otherwise would also do exactly what the final judgment rule aims to avoid: disrupt a district court's legitimate docket management efforts with a needless, costly appeal. *See, e.g.*, *Coomer*, 98 F.4th at 1324. The district court should be free to "manag[e] [this] ongoing litigation" without the disruption of interlocutory appeals like this one. *Id.* (quoting *Mohawk*, 558 U.S. at 106). And this

Court should not be called to do "unnecessary . . . work" policing every procedural decision that comes out against a would-be appellant. *Id.* (citation omitted). Defendants do not need this Court's intervention. They simply need to file a 15-page motion before the district court. If, after taking the contemplated next steps, the court conclusively denies or effectively denies Defendants immunity, then they will have an opportunity for appellate review.

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED THE MOTION

If the Court finds it has jurisdiction, it should affirm. The district court did not abuse its discretion when it held that the Motion was too long. That alone is dispositive. But if the Court reaches the Order's alternative summary judgment ground holding, the result should be the same: the district court acted within its discretion in denying summary judgment as premature at this stage.

### A. The District Court Did Not Abuse Its Discretion When It Held That The Motion Was Over The Page Limit Set By The Local Rules

District judges are entitled to "[c]onsiderable deference" in their "interpretation and application of [their] own rules of practice and procedure." *Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) (first alteration in original) (citation omitted). And Defendants do not contest that the standard of review for this issue is abuse of discretion. OB20. They cannot prevail on that standard here. It was not outside "the bounds of permissible choice" or "manifestly unreasonable,"

*United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020), for the district court to determine that the Motion was governed by the rule for "[a]ll other motions," rather than summary judgment motions.  D. Kan. R. 7.1(d)(3).

Local Rule 7.1(d) sets up a straightforward structure:  "[d]iscovery-related motions" get 10 pages; "[s]ummary judgment and class certification motions" get 40 pages; and "[a]ll other motions" get 15 pages.  D. Kan. R. 7.1(d)(1)-(3).  There is no question that, in this tripartite structure, a motion for judgment on the pleadings is one of the "other motions" that gets 15 pages.  *See* Minute Order, *VanHorn v. Salvation Army*, No. 2:23-cv-02009 (D. Kan. Aug. 11, 2023), Dkt. 84.  And it is at least reasonable to think a "motion for judgment on the pleadings or, in the alternative, for summary judgment," App. 187, is similarly an "other motion[]," D. Kan. R. 7.1(d)(3).  Because the Motion is not *just* or even *primarily* a summary judgment motion, it fairly falls into the "other" category.  D. Kan. R. 7.1(d)(3).

These in-the-alternative-summary-judgment motions are Rule 12 motions unless or until a district court chooses to convert them into a summary judgment motion.  When a Rule 12 motion is presented with a request for summary judgment in the alternative, the court initially reviews the Motion under Rule 12.  *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341-42 (10th Cir. 2000) ("[T]he mere fact that the parties provided documents to the district court did not require the district court to rely on those documents."); *Swoboda v. Dubach*,

992 F.2d 286, 288 (10th Cir. 1993) ("Defendants filed motions to dismiss or, in the alternative, for summary judgment" and "[t]he district court . . . dismissed the case pursuant to Fed. R. Civ. P. 12(b)(6)."); *Lugo v. City of Troy*, 114 F.4th 80, 88 (2d Cir. 2024) (referring to the court's "choice to convert a motion"). A district court has "complete discretion" on whether to convert the Rule 12 motion to a summary judgment motion. 5C *Wright & Miller's Federal Practice and Procedure* § 1366 (3d ed. Nov. 2025 update); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (similar). And if the district court does not, the motion remains one under Rule 12. So an in-the-alternative-summary-judgment motion is not, as Defendants contend, "*adding* Rule-12 arguments to a brief in support of summary judgment." OB22. Just the opposite. Which means that at the time of filing, an in-the-alternative motion is an "other motion" under Local Rule 7.1(d)(3).

That is consistent with how Defendants' framed their in-the-alternative motion in this case. Contrary to Defendants' assertion, the Motion was not "plainly a principal brief in support of summary judgment." OB21; *see also* OB4, 19 (characterizing the Motion as a "summary-judgment motion"). The Motion's caption and substance made clear that it was a Rule 12 motion, with summary judgment sought only in the alternative if the court converted it. *See* App. 187-223. Defendants started with an argument that sought dismissal only under the Rule 12

standard, arguing that Jefferson "fail[ed] to state a plausible claim against Defendant Moore because there is no constitutional right to state administrative grievance procedures." App. 206. When arguing for summary judgment in the alternative, Defendants argued the Rule 12 issue first and foremost. For example, in arguing that they "were not deliberately indifferent to any serious medical needs," Defendants wrote six paragraphs on what appears to be a Rule 12 argument and then added a single paragraph noting that "[a]lternatively, the uncontroverted evidence supports summary judgment on this claim." App. 219-22.

There was therefore no "express[] authoriz[ation]" for Defendants to file their 37-page Motion here. *Contra* OB24. In *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129 (10th Cir. 2006), which Defendants cite (*see* OB24-25), this Court found an abuse of discretion when the rules were much clearer. The moving party in that case sought an extension of time to file a reply, and the district court denied not just the extension but the opportunity to reply at all. *Id.* at 1147. This Court found abuse of discretion because the local rules "expressly authorized" a reply by stating that "[t]he moving party may file a reply within 15 days." *Id.* (quoting D. Colo. L. Civ. R. 7.1(C) (2006)).

None of Defendants' arguments to the contrary establishes that this is such a clear case. First, Defendants contend that Local Rule 7.1(d)(3) is a "fallback."

OB21-22, 24, 26.  That just begs the question; it does not answer whether the scope

of Local Rule 7.1(d)(2) includes in-the-alternative motions.

Second, Defendants suggest that in-the-alternative-summary-judgment

motions should be included in Local Rule 7.1(d)(2) because "the same

considerations that justify the larger page limit for summary-judgment briefs in

general are still present" for in-the-alternative motions.  OB23.  They are concerned

that their statement of material facts as to which the movant contends no genuine

issue exists would put them beyond the limit in Local Rule 7.1(d)(3).  *See id.*  But

parties must keep the facts "concise" to fit within whatever page limit applies.

D. Kan. R. 56.1(a), (b).  And here, the Motion spent 25 pages making arguments

primarily on the Rule 12 issues.  So even setting aside the facts section, the Motion

was too long.

Third, Defendants suggest that there could be *two different* page limits

depending on how the district court construes the Motion:  They urge that "even if"

Local Rule 7.1(d)(3) applies when the court "initially consider[s] the motion as a

Rule 12 motion," "the summary-judgment page limit should at least become

effective while" the court "consider[s] the alternative summary-judgment

arguments."  OB24.  But that makes no sense:  the page limit for a motion is

generally set when the motion is filed, not when it is decided.  Regardless, the district

court declined to convert the Rule 12 motion into one for summary judgment, so the shorter page limit controls.

Lastly, Defendants offer examples of other cases where District of Kansas judges have accepted in-the-alternative motions over the 15-page limit without a motion for leave to exceed that limit. *See* OB22. But the fact that some judges have accepted these motions *sub silentio* does not mean it is an abuse of discretion for a judge to reject them. Even if there were examples of a district court expressly interpreting Local Rule 7.1(d) to give in-the-alternative motions the summary judgment page limit, the fact that "[o]ther district courts might have reached differing or opposite conclusions with equal justification[] . . . does not mean that one conclusion was 'right' and the other 'wrong.'" *Wheat v. United States*, 486 U.S. 153, 164 (1988); *accord United States v. Evanson*, 584 F.3d 904 (10th Cir. 2009).

It was reasonable for the district court to interpret the Motion as falling under Local Rule 7.1(d)(3)'s category of "[a]ll other motions."

## B. The District Court Did Not Abuse Its Discretion When It Held That Summary Judgment Was Premature

If the Court agrees that the district court did not abuse its discretion in finding the Motion was too long, it can stop there. The Court need not reach the district court's alternative ground that "even without the aforementioned [length] issue, Defendants' motion for summary judgment would be denied without prejudice because it is premature." App. 266; *see, e.g.*, *United States v. Egan*, 256 F. App'x

36

191, 196 (10th Cir. 2007) ("We need not address the alternative holding since we affirm on the district court's primary analysis."). In any event, the court did not abuse its discretion in holding, in the alternative, that it would not accept a motion for summary judgment at this time.

## 1.     The Standard Of Review Is Abuse Of Discretion

"Case management" decisions about a district court's "'control of the docket and parties'" are "'reviewed only for abuse of discretion.'" *United States v. Teerlink*, 141 F.4th 1126, 1133 (10th Cir. 2025) (citation omitted); *accord Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Here, the district court chose how and when it wanted to address Rule 12 and Rule 56 motions and concluded that it would not entertain a motion for summary judgment at this time. That sequencing decision is about docket management—not an issue of law. *See, e.g.*, *Energy & Env't Leg. Inst. v. Epel*, 793 F.3d 1169, 1176 (10th Cir. 2015) (reviewing for abuse of discretion district court's determination of whether summary judgment was premature before discovery); *Liverman v. Comm. on the Judiciary, U.S. House of Representatives*, 51 F. App'x 825, 827 (10th Cir. 2002) (reviewing for abuse of discretion district court's order staying discovery pending resolution of defendant's motion to dismiss); *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001) ("[Q]uestions of the timing and sequence of motions in the district court" are "at the district court's discretion." (citation omitted)). Indeed, as Defendants

acknowledge, the court's determination was "premised in significant measure" on its "ability . . . to manage its own docket." OB6-7 (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)).

Defendants argue for de novo review, though, because "whether a summary judgment motion raising immunity arguments is 'premature' before discovery" "can be answered as a matter of law." OB6. But none of the cases they cite in support involve a case where an appellate court was faced with purely procedural questions about the timing of a motion. *See* OB5-7; *Tachias v. Sanders*, 130 F.4th 836, 839, 841 (10th Cir. 2025) (exercising jurisdiction and affirming district court's holding that the defendant violated the plaintiff's clearly established First Amendment rights); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 515-33 (10th Cir. 1998) (exercising jurisdiction, analyzing three separate claims in detail, and reversing in part and denying in part qualified immunity based on violation and clearly established law elements); *Couser v. Gay*, 959 F.3d 1018, 1022, 1026 (10th Cir. 2020) (exercising jurisdiction and holding that, under a multipart balancing test, county sheriffs lacked Eleventh Amendment immunity). Because this Court is asked to review the timing of motions, not the substance of Defendants' immunity arguments, abuse of discretion is the appropriate standard.

## 2.    The District Court Did Not Abuse Its Discretion

The district court was not required to accept and rule on Defendants' request for summary judgment within their in-the-alternative motion at this time and in this format.  The Order's sequencing decision did not violate Defendants' entitlement to immunity or Rule 56.  Whatever the standard of review, the court acted properly.

The district court held that summary judgment was "premature" because "[i]n the ordinary course," defendants "would file and litigate a single Rule 12 motion" and later move for summary judgment.   App. 265-66.   It essentially directed Defendants to split up their two requests and take them in phased parts.  That was entirely permissible.  Defendants give a laundry list of examples where litigants successfully used in-the-alternative-summary-judgment motions.  *See* OB10-14. But many courts across the country disfavor or prohibit in-the-alternative-summary-judgment motions and require defendants to instead bring motions sequentially.[5]  As

---

[5]    *See, e.g.*, *Techy v. Arete Surgical Ctr., LLC*, 2024 WL 1157007, at *2 n.2 (D. Colo. Feb. 1, 2024) (Domenico, J.) (prohibiting hybrid motions); *Tapest v. PS Camping, Inc.,* 2016 WL 11713385, at *3 (D. Colo. Oct. 25, 2016) (Krieger, C.J.) (registering "strong discouragement of hybrid motions" and declining to evaluate such a motion under Rule 56); *Bradley ex rel. King v. United States*, 2017 WL 4310224, at *1 n.1 (D. Kan. Sept. 28, 2017) (Melgren, J.) (noting that the court "disfavors hybrid motions"); *Crumpley v. Associated Wholesale Grocers, Inc.*, 2017 WL 1364839, at *1 (D. Kan. Apr. 13, 2017) (Crabtree, J.) (similar); *Noshirvan v. Couture*, 2024 WL 1619409, at *3 (M.D. Fla. Apr. 15, 2024) (noting that "[d]efendants inappropriately combine[d] a motion to dismiss with a motion for summary judgment" and in any event, "summary judgment is premature" because "discovery has not even started." (citation omitted)); *Carter v. Daugherty*, 2025 WL 2496383, at *9 (E.D. Va. Aug. 29, 2025) ("The Court will not permit Defendant

with Defendants' Local Rule argument, variation does not show the court abused its discretion here. *See supra* at 36. Courts are permitted to sequence briefing, rather than accept in-the-alternative motions, as the district court did here.

Defendants argue that the district court nonetheless erred as a matter of law in two ways: it denied them immunity and it violated Rule 56's instructions about when to permit discovery. OB7-10, 15-19. Both arguments rest on the mistaken premise that the court ordered discovery at all. And the Rule 56 argument fails regardless.

As to immunity, a court strips defendants of immunity only when it subjects them to "the costs of trial or . . . the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. But here, the district court did not order any discovery now; it ruled that it would not address summary judgment prior to resolving the Rule 12 issues Defendants raised in a properly presented Rule 12 motion. *See supra* at 21-26. There is no immunity problem.

As to Rule 56, Defendants essentially argue that a district court cannot order discovery if a defendant has not properly requested such discovery in a Rule 56(d) affidavit. *See* OB15-17. In their view, ordering discovery under those circumstances violates Rule 56. OB16-17 (citing *Cerveny v. Aventis, Inc.*, 855 F.3d

---

Daugherty to litigate a hybrid motion to dismiss and motion for summary judgment.").

1091, 1110 (10th Cir. 2017)). There are several problems with that argument. For one, the district court did not order any discovery. *See supra* at 23-24. Even if it had, "courts have recognized that [district] courts can deny or continue a motion for summary judgment to permit further discovery pursuant to Rule 56(f) [a prior version of Rule 56(d)] *sua sponte*." *Hu v. Vill. of Maywood*, 2010 WL 276704, at *5 n.5 (N.D. Ill. Jan. 19, 2010) (collecting cases). *Cerveny* does not say anything to the contrary. It did not address a situation involving a *sua sponte* discovery decision but merely held that when a court is presented with a Rule 56(d) affidavit, it should evaluate that affidavit under the rules governing such a request. *See* 855 F.3d at 1110.

The district court appropriately exercised its discretion to sequence motions here, and it did not improperly subject Defendants to trial or broad-reaching discovery. This Court should affirm.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this appeal for lack of appellate jurisdiction.  If the Court finds it has jurisdiction, it should affirm.

Dated: December 15, 2025

Respectfully submitted,

*s/ Lia Rose Barrett*
Lia Rose Barrett
Patrick D. Powers
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
lia.barrett@lw.com

*Counsel for Appellee*
*Anthony Jefferson*

## REQUEST FOR ORAL ARGUMENT

The Court's order appointing counsel stated that "[t]his case will be scheduled for oral argument once briefing is complete." Doc. 29 at 2. Appellee believes that oral argument would be of assistance to this Court, and respectfully requests oral argument.

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 9,745 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and Tenth Circuit Rule 32(B).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: December 15, 2025     *s/ Lia Rose Barrett*
             Lia Rose Barrett